## WISLER v WISLER

Ohio Appeals, 2nd Dist, Franklin Co

No 2106. Decided Feb 23, 1932

Charles R. Doll, Columbus, for plaintiff in error.

John Seidel, Columbus, for defendant in error.

### BY THE COURT

When the case came on for hearing in this court upon the petition of plaintiff in error and the record, counsel for the respective parties stated in open court that the parties to this proceeding were now living together as husband and wife. If this is correct, and it was so admitted by counsel for both sides, then we think the conduct of the parties has resulted in purging the plaintiff in error of contempt, if he was guilty of contempt, and that this proceeding should be dismissed and the finding and judgment of the lower court in this contempt proceeding should be annulled. We are of opinion that the conduct of the parties results in a purging of the contempt in both courts.

Counsel for plaintiff in error, notwithstanding the present status of the parties to this proceeding, requests the court to announce its views upon certain procedural questions which are suggested, such as should this proceeding be prosecuted on behalf of the State of Ohio rather than by a motion in the original alimony proceeding etc.

We think an expression of opinion upon such questions would be purely obiter.

In addition to this, we find on page 5 of the record the following:

"Mr. Doll. I filed an answer on behalf of the defendant (being plaintiff in error herein). I may say that the proceedings are not according to the statute at all, because the statute provides that in contempt proceedings, written charges in contempt shall be filed then the written charges submitted to the court and the court makes an order. There was an affidavit filed, then the order is made for him to appear and show cause why he should not be punished for contempt. Now then she has filed a motion first and then affidavit in support of the motion and then order for him to appear, but I will waive all that. The proceeding is laid down—

"Mr. Seidel: The proceeding is laid down, I know that but everybody follows this proceeding down here."

The record shows that counsel for plaintiff in error expressly waived the questions now suggested in our court and thereupon the lower court proceeded with a full hearing of the matters then in dispute.

If the conduct of the parties in the lower court was such as to encourage the court to

hear the case in detail in the form in which it was heard, we do not think counsel can now be heard to raise any procedural questions. This court will gladly hear and determine .the procedural questions suggested when there is a real controversy presented for its consideration.