## ALLESANDRO, d. b. a. LUCKY STAR CAFE, Appellant-Appellee, v. BOARD OF LIQUOR CONTROL, Appellee-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 5163.   Decided March 2, 1955.

Abraham L. Adelstein, Columbus, for appellee.

Hon. C. William O'Neill, Atty. Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for appellant.

### OPINION

By THE COURT.

This cause was previously before this Court on appeal from a judgment of the Common Pleas Court.  We modified the judgment and ordered the case remanded to the Board of Liquor Control for "rehearing with instruction to consider the deposition of the witness Robert Stewart or in the alternative that he be brought before the Liquor Control Board on rehearing of this cause and be permitted to testify * * *."  In compliance with this order the cause came on again for a rehearing before the Board at which time all the parties appeared by counsel only and the following stipulation was entered upon the record:

"It is stipulated and agreed by and between counsel for the permit holder, and counsel for the Director of the Department of Liquor Control, that the depositions of Robert Stewart may be introduced as 'Defendant's Exhibit A,' and that the Board may consider them as newly discovered evidence."

Thereupon, Mr. Krebs, a member of the Board, said:

"Your case will be taken under advisement, and your client will be notified of the decision of the Board."

A record of the proceeding before the Board was certified to the Common Pleas Court in which it was stated that the record considered by the Board consisted of a transcript of the testimony taken at the

original hearing and the deposition of said Robert Stewart. The Board again revoked the Class D-5 permit and from this order an appeal was taken to the Common Pleas Court which held that the Board had not granted a rehearing in accordance with its previous order and ordered the case again remanded to the Board for a "full and complete rehearing, with instructions to consider the deposition of the witness, Robert Stewart, or in the alternative, that he be brought before the Board of Liquor Control on rehearing in this cause and be permitted to testify."

The question presented is whether the last order of the Board is in accordance with law. We can agree with counsel for the permit holder that the mandate issued to the Board required a hearing de novo of the charges against him unless stipulated otherwise. Counsel for the Board does not concur in this conclusion but they also urge that if a rehearing was required no objection was ever raised to the procedure adopted after the stipulation had been made; that the matter was submitted to the Board for its consideration upon the deposition and transcript of the testimony in the prior hearing. We think this inference is permissible from the conduct of counsel when the case came on for a hearing. If counsel desired to proceed in a different manner or offer new or additional testimony, this fact should have been made known and an objection entered when Mr. Krebs announced that the case would be taken under advisement. A general rule, with few exceptions, is that an appellate court will not review on a law appeal errors which were not preserved by objection to the ruling in the lower tribunal. The rule is stated in **3 O. Jur. 2d, page 38** as follows:

"* * * The law imposes upon every litigant the duty of vigilance in the trial of a case, and where the trial court commits an error to his prejudice, he is required then and there to call the attention of the court to that error. A just regard to the fair administration of justice requires that an opportunity should be given the court to avoid the commission of error upon trial, and that when an error is supposed to have been committed, there should be an opportunity to correct it at once, before it has had any consequences.

"The forum of a reviewing court is not a place where for the first time a point which has not been deemed of essence at the trial and which has not been seriously pressed to the attention of the court is to be brought to the front for the mere technical purpose of securing a reversal of a judgment which the court finds otherwise correct. The law does not permit the party to lie by, without stating the ground of his objection, take the chances of success on the grounds on which the judge has placed the cause and then, if he fails, avail himself of an objection which, if it had been stated, might have been removed."

In **Ruch v. State, 111 Oh St 580,** the Court stated at **page 589** that failure to object at the proper time to the admission of testimony material to the issue constituted a waiver of the rights conferred by statute. See also **Wisler v. Wisler, 12 Abs 351;** 3 Am. Jur. 40.

The judgment will be reversed and cause remanded to the Common Pleas Court for further proceedings according to law.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

530

No. 5163.    Decided April 25, 1955.

**OPINION**

By THE COURT.

This is an application for a rehearing in which it has been called to our attention for the first time that the transcript of the testimony submitted by the appellant has not been certified by the Board of Liquor Control. **Sec. 119.12 R. C.**, provides that,

"* * * the agency shall prepare and certify to the court a complete record of the proceedings in the case."

It will be noted that the foregoing section does not provide the manner in which the certification shall be made. An examination of the purported transcript of the testimony discloses that it is certified by Hazel Gibbon, Reporter, as being a true and correct copy. Since no provision is to be found in the Administrative Procedure Act on this specific question the same must be governed by the provisions of the Appellate Procedure Act. **A. DiCillo, Inc., v. Zoning Board, 59 Abs 513.** The bill of exceptions provided for under this Act must be allowed and signed by the trial judge. **Sec. 2321.07 R. C.** Hence, the transcript of the testimony heard by the Liquor Board should have been certified by them in accordance with the aforesaid statute. This has not been done, so there is nothing before this Court indicating that the permit holder was granted a rehearing in compliance with our order.

The application will be allowed and upon further consideration the judgment of the Common Pleas Court holding that the Board had not complied with the former order of the Court will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

No. 5163.    Decided May 3, 1955.

## OPINION

By THE COURT.

On April 25, 1955, this Court released its opinion holding that a transcript of the testimony was not properly certified by the Board of Liquor Control. We are still of the same opinion, but it appears that this defect was corrected by the following stipulation entered into by all of counsel in the case at that time, to wit:

"It is hereby stipulated and agreed by and between counsel for the appellant-appellee, Andre Allesandro, and the appellee-appellant, Board of Liquor Control, that the docket and journal entries in the Court of Common Pleas in the above matters, the Mandate of the Court of Appeals in case number 4783, the docket and journal entries in case Number 182,451 in the Court of Common Pleas together with all other original papers in the above matter, and the transcripts of the proceedings and testimony before the Board of Liquor Control shall be, and constitute a good and sufficient bill of exceptions.

(Signed)　Paul F. Ward
Charles T. Kaps
Attorneys for Appellant-Appellee
C. William O'Neill
Attorney General of Ohio
Kiehner Johnson
Assistant Attorney General."

The permit holder is now estopped to complain of the condition of the aforesaid transcript, hence the application for a rehearing is denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

No. 5163.　Decided May 18, 1955.

## OPINION

By THE COURT.

This is an application for reconsideration of our opinion announced on May 3, 1955. Counsel for the appellant-appellee urges that the stipulation, entered into on September 20, 1954, providing that "the proceedings and testimony before the Board of Liquor Control shall be, and consti-

532

tute a **good and sufficient** bill of exceptions," does not cure the defect in the certification. (Emphasis ours.) We cannot agree with such a conclusion when proper consideration is given to the words emphasized, supra.

It also appears that counsel is uncertain as to what was meant when we used the expression "at that time" when we said "it appears that this defect was corrected by the following stipulation entered into by all of counsel * * * at that time * * *." The record discloses that there was a change of counsel after the stipulation was entered into and the term was meant to apply to all of counsel at the time the stipulation was agreed upon.

The application will be denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.