THE OHIO REAL ESTATE COMMISSION, APPELLANT, *v.* EVANS,
D. B. A. COLONY REALTY, APPELLEE.

(No. 5605—Decided December 17, 1962.)

*Mr. Mark McElroy*, attorney general, and *Mr. William Boyko*, for appellant.
*Messrs. Boggs, Boggs & Boggs*, for appellee.

SMITH, P. J.    This is an appeal on questions of law from a judgment of the Common Pleas Court sustaining a motion of

Robert Evans, appellee herein, for a judgment in his favor, for the reason that the Ohio Real Estate Commission, appellant herein, had failed to certify to the Common Pleas Court a complete record of the proceedings against Evans as required by Section 119.12, Revised Code, within the time provided by such section.

The appellant makes the following assignments of error:

(1) That the order is contrary to law.

(2) That the transcript of the record of the proceedings of the Ohio Real Estate Commission filed in the Common Pleas Court was not certified as required by Section 119.12, Revised Code.

(3) That no opportunity for a hearing of the merits of the appeal from the order of the Ohio Real Estate Commission was granted to the commission as prescribed by Section 119.12, Revised Code.

(4) That the Common Pleas Court erred and abused its discretion in reversing the order of the Ohio Real Estate Commission.

(5) That such judgment of the Common Pleas Court is contrary to the evidence and the law.

(6) That the appointed secretary of the Ohio Real Estate Commission, a classified employee of the Department of Commerce, was not the proper party to certify the transcript of the proceedings of the commission to the Common Pleas Court.

(7) That the court erred on questions of law relating to the construction and interpretation of statutes as revealed by the record.

This court is of the opinion that none of the assignments of error have merit.

It appears that in August 1957 a complaint was filed with the Ohio Real Estate Commission (then the State Board of Real Estate Examiners) against Robert Evans by Paul Merriman and Patricia Merriman, husband and wife. The complaint was originally scheduled for hearing in Toledo, Ohio, on October 1, 1957, and the Merrimans, complainants, were not present, although Evans was present and ready to proceed. At the request of the attorney for the complainant, the commission granted a continuance to the complainants. More than three

years and eight months later, in the summer of 1961, the Ohio Real Estate Commission gave notice to Robert Evans that a hearing was scheduled on the complaint. Hearing was held on October 19, 1961, at Toledo, Ohio, and, on the same day, appellant ordered the license of Evans suspended for a period of one year. Thereafter, on November 7, 1961, Evans filed a notice of appeal from such order of the Ohio Real Estate Commission to the Court of Common Pleas of Lucas County, Ohio. On the same day, a judgment was signed by the Common Pleas Court suspending the commission's order pending the appeal to such court.

On November 28, 1961, the Ohio Real Estate Commission, appellee in the Common Pleas Court, filed a motion in such court to extend the time for filing the transcript of its proceedings, which motion was sustained on the same day, and the commission was given an additional ten days within which to file the transcript of its proceedings.

On December 5, 1961, the Ohio Real Estate Commission filed with the Clerk of the Common Pleas Court a purported record of its proceedings.

In considering the claimed errors assigned by appellant herein, the controlling question involves the construction of Section 119.12, Revised Code, a part of the Administrative Procedure Act, the pertinent provisions of which are as follows:

"Within 20 days after receipt of notice of appeal from an order in any case wherein a hearing is required by Sections 119.01 to 119.13, inclusive, of the Revised Code, *the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected.* Additional time, however, may be granted by the court, not to exceed ten days, when it is shown that the agency has made substantial effort to comply. Such record shall be prepared and transcribed and the expense thereof shall be taxed as a part of the costs on the appeal. The appellant must provide security for costs satisfactory to the Court of Common Pleas. Upon demand by any interested party, the agency shall furnish at the cost of the party requesting it a copy of the stenographic report of testi-

mony offered and evidence submitted at any hearing and a copy of the complete record.'' (Emphasis ours.)

By the clear language of the above-quoted provisions, the filing of the record of the hearing before the Ohio Real Estate Commission on appeal to the Common Pleas Court, without a proper certification by the agency, would not constitute ''a complete record of the proceedings in the case.'' The purported record filed in the Common Pleas Court consisted of a transcript of testimony not certified in any manner at the end thereof. Stapled to the back cover of the transcript are the following, in their order:

1. A paper dated October 19, 1961, purporting to be an excerpt from the minutes of a meeting of the commission on such date, at the bottom of which is typed and without a handwritten signature: ''This is to certify this is a true and correct copy taken from the minute book of the Ohio Real Estate Commission. Leo D. Kricker, Secretary.''

2. A carbon copy of a letter dated October 26, 1961, addressed to Robert Evans, purporting to enclose a certified copy of the order of the Ohio Real Estate Commission.

3. A letter of transmittal of record of proceedings addressed to the Clerk of the Common Pleas Court of Lucas County, at the end of which appears: ''Ohio Real Estate Commission, by Leo D. Kricker, Secretary (signature in writing).''

4. A paper, with the numeral, 2, appearing at the top thereof, referring to exhibit No. 1, original complaint; exhibit No. 2, copy of notice of hearing served for the licensee; exhibit No. 3, request for hearing; exhibit No. 4, stenographic record of testimony and all evidence admitted at the hearing, including proffered evidence, if any; exhibit No. 5, journal entry of the commission; and exhibit No. 6, copy of notice of appeal, followed by the statement: ''I hereby certify that the herein transcript and all the attachments hereto are a true and correct record of the proceedings of the hearing cause. By Ohio Real Estate Commission. By Leo D. Kricker (signature) secretary.''

5. A copy of a notice dated October 2, 1961, addressed to Robert Evans advising him of the time of a scheduled hearing before Ohio Real Estate Commission.

6. A copy of a letter from Boggs, Boggs & Boggs, attorneys

for Robert Evans, dated October 11, 1961, addressed to the State Board of Real Estate Examiners (Ohio Real Estate Commission) enclosing a motion to dismiss complaint.

7. An unconforming copy of a journal entry of the Common Pleas Court extending time for filing a transcript of proceedings in such court.

8. A paper addressed to "clerk of courts" stating the costs of transcribing the record in the matter of Robert Evans, to be taxed as a part of the costs of appeal, at the end of which appears, all in typewriting: "Ohio Real Estate Commission. Leo D. Kricker, Secretary."

9. A photostatic copy of notice of appeal.

10. A photostatic copy of a paper entitled "Sworn Statement of Complaint for Filing with the State Board of Real Estate Examiners."

11. Documents, inserted but not attached, marked state's exhibits A, B and C, and respondent's exhibits 1, 2, 3, 4-A and 5.

Under the provisions of Section 4735.01 *et seq.*, Revised Code, Leo D. Kricker, secretary, had such authority only as specifically prescribed thereby. He was appointed by the Director of Commerce. He is not charged with duties to hear complaints or, for that matter, required to be present at hearings or to sign transcripts of the records thereof. A reporter, in the case of *Allesandro* v. *Board of Liquor Control*, 72 Ohio Law Abs., 528, 530, was properly held not authorized to certify a transcript to the court of the proceedings of the liquor board. At least the reporter was present at the hearing and took notes of the testimony and had direct and first-hand knowledge, which are much stronger facts than those in the case here of Secretary Kricker.

It is self-evident that the "agency" referred to in Section 119.12, Revised Code (here consisting of three commissioners, one of which is president), must affix their signatures to the record of the proceedings on appeal therefrom to the Common Pleas Court. This requirement is set forth in *Allesandro* v. *Board of Liquor Control, supra*, wherein it is said:

"Section 119.12, Revised Code, provides that,

" '* * * the agency shall prepare and certify to the court a complete record of the proceedings in the case.'

6

"It will be noted that the foregoing section does not provide the manner in which the certification shall be made. An examination of the purported transcript of the testimony discloses that it is certified by Hazel Gibbon, reporter, as being a true and correct copy. Since no provision is to be found in the Administrative Procedure Act on this specific question the same must be governed by the provisions of the Appellate Procedure Act. *A. DiCillo, Inc.*, v. *Zoning Board*, 59 Ohio Law Abs., 513. The bill of exceptions provided for under this act must be allowed and signed by the trial judge. Section 2321.07, Revised Code. Hence, the transcript of the testimony heard by the liquor board should have been certified by them in accordance with the aforesaid statute."

Furthermore, the psuedo certificate of the secretary, if it were valid, nevertheless does not state that the record contains all the evidence. See *Regan, Admx.*, v. *McHugh*, 78 Ohio St., 326; *State, ex rel. Eges*, v. *Corlett, Judge*, 137 Ohio St., 19; *In re Striker*, 101 Ohio App., 455.

The Attorney General, representing the Ohio Real Estate Commission, appellant in this court, in his oral presentation and brief contrives to cloak the secretary of the commission with authority to certify the record by fallacious implication from the provisions in the statute specifically applying to other unrelated duties of the secretary. A judge of the Court of Common Pleas is required by statute to sign a bill of exceptions on an appeal from that court to this court. A fortiori, should the Ohio Real Estate Commission have less responsibility in certifying the record affecting the rights of a licensee as an alleged violator?

No implied authority of the secretary to certify the record can be derived from Section 4735.04, Revised Code, whereby the secretary, by direction of the commission, may compel, by order or subpoena, the attendance of witnesses at a hearing or investigation by the commission and is vested with the same power as judges of County Courts to administer oaths, compel attendance of witnesses and punish for refusal to testify. Neither Section 4735.05, providing that the Director of Commerce may designate an employee of his department as secretary to perform the duties and exercise the powers of secretary

of the commission, nor Section 4735.10, authorizing the president and secretary of the commission to administer oaths, nor Section 4735.11, providing for the signing of licenses by the president and secretary of the commission, nor Sections 4735.17 and 119.01, Revised Code, give rise to any implication of authority of such secretary to certify records of proceedings of the commission upon appeal to the Common Pleas Court.

Express specific authority provided in the statutes regarding the powers and duties of the secretary excludes any general authority and any implication beyond the express authority. It is stated, as follows, in 50 Ohio Jurisprudence (2d), 165, Section 188:

"A general principle of interpretation is that the mention of one thing implies the exclusion of another; *expressio unius est exclusio alterius*. General words following the designation of particular subjects are ordinarily restricted by the particular designation to include only things of the same nature as those specifically enumerated. The maxim is to be applied where there is a grant of power, or a direction, to do a particular thing. When a statute directs a thing to be done by a specified means or in a particular manner it may not be done by other means or in a different manner."

The Ohio Real Estate Commission is an administrative agency set up by statute, Section 4735.01 *et seq.*, Revised Code, for the licensing of real estate brokers and real estate salesmen and the business incident thereto. Thus a new creature of statute joins a fast growing bureaucracy in Ohio of multiple departments, bureaus, offices, agencies, commissions and boards. The Ohio Real Estate Commission was, of course, conceived with noble intention to police the evils in the business, but, of necessity, complicating the business activities and fortunes of citizens of Ohio desiring to engage in the business. There seems to reside in bureaucracy seeds of autocracy that the courts must be alert to confine to statutory authority in the interest of a free society. The courts have uniformly held that authority and powers to be exercised by such commissions conferred by statute are strictly limited to the provisions of the applicable statutes which are to be strictly construed.

This court, in *Leiphart Lincoln-Mercury, Inc.,* v. *Bowers, Tax Commr.,* 107 Ohio App., 259, 265, said:

"* * * Administrative officers and agencies have no common-law or inherent powers other than have been granted to or conferred on them by law. As a creature of statute, it is without power to exercise any jurisdiction beyond that conferred by statute. The applicable sections of the Revised Code set out above are statutory, jurisdictional prerequisites as to the time for doing an act, and without compliance therewith the administrative agency is without power or authority. The jurisdiction of such officials and tribunals must be invoked in the manner prescribed by statute, and their proceedings must be in accordance with valid statutory requirements. They are authorized to act only in the mode prescribed by statute and can not dispense with the essential forms of procedure which condition their statutory powers, or have been prescribed for the purpose of investing them with power to act. 1 Ohio Jurisprudence (2d), 487, 488, Section 88; 73 Corpus Juris Secundum, 367-369, 400-401, Sections 48, 49 and 74; *American Restaurant & Lunch Co.* v. *Glander, supra* [147 Ohio St., 147]; *Zier* v. *Bureau of Unemployment Compensation*, 151 Ohio St., 123, 84 N. E. (2d), 746.''

A protection against bureaucratic encroachment upon our judicial system is wisely provided by the Legislature granting the aggrieved citizen recourse by appeal to the courts. And the Legislature, in its wisdom, has plainly stated that such avenue cannot be thwarted, and any failure to abide by the provisions empowers the Common Pleas Court to annul the proceedings of the commission, to wit, "failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected."

The noncompliance by the Ohio Real Estate Commission, appellant herein, to properly file a duly verified record of the proceedings before it extricated Robert Evans, appellee herein, from what would turn out to be a bureau booby trap. It appears that the alleged violator, Evans, was, for no valid reason, kept in jeopardy of losing his license, for three years and eight months. Much criticism is leveled at the courts for delay, while the administrative agencies are created to expedite such matters. Bureaucracy in government by untrammeled practices is becoming a putative fourth branch of government overshadowing the true constitutional triumvirate of checks and

balances, namely the executive, legislative, and judicial branches.

For the foregoing reasons and upon the above authority, the assignments of error of the appellant, Ohio Real Estate Commission, are not well taken, and, therefore, the judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

DEEDS and FESS, JJ., concur.