TISONE ET AL., D. B. A. TISONE TAVERN, APPELLEES, *v.* BOARD OF LIQUOR CONTROL, APPELLANT. (TWO cases.)

[Cite as Tisone v. Bd. of Liquor Control, 1 Ohio App. 2d 126.]

(Nos. 7558 and 7559—Decided June 16, 1964.)

*Mr. James F. DeLeone,* for appellees.

*Mr. William B. Saxbe,* attorney general, and *Mr. J. Richard Lumpe,* for appellant.

BRYANT, J. This opinion will deal with the appeals in two cases, our numbers 7558 and 7559.

The two owners of the permit, Carmen Tisone, individually and as executor of the estate of Joseph Tisone, who jointly held a Class D-5 liquor permit used by the Tisone Tavern in Youngstown, Ohio, are appellees in this court and were appellants in the Court of Common Pleas of Franklin County, Ohio, in both of the above-numbered cases.

The Ohio Liquor Control Commission, which is the successor to the Board of Liquor Control, is the appellant in this court, and the board was the appellee in the court below in both of the above-numbered cases.

There are numerous similarities in the two cases. The opposing parties are the same in both. While the charges are different in the two cases, they both relate to the right of Tisone to engage in the sale of liquor at retail under one permit and at a single location. The single question before this court is the same in both cases, was raised in the court below, and there decided the same way in both cases at the same time. The two cases were argued together in this court. It, therefore, seems appropriate to dispose of both cases in a single opinion.

In our number 7558 (Common Pleas Court No. 216,282) (Board No. 27,650), the proceedings were begun when agents of the Ohio Department of Liquor Control filed a written complaint with the Board of Liquor Control alleging that on August 2, 1962, Carmen Tisone illegally possessed, while in and about the permit premises, horse-bet and numbers slips for gambling purposes contrary to the provisions of Regulation No. 53 of the Board of Liquor Control dealing with gambling and gambling devices. Hereinafter, this case will be referred to as the 1962 gambling charge (as distinguished from the 1961 gambling charge of which Tisone was convicted and received a twenty-one day suspension).

In our number 7559 (Common Pleas Court No. 216,283) (Board No. 27,649), the proceedings were begun when liquor department agents filed a written complaint with the Board of

128

Liquor Control alleging that Carmen Tisone in his application to transfer the Class D-5 permit to himself made "a false material statement" contrary to the Liquor Control Act, it being alleged that Tisone in the sworn application denied that he ever was convicted of a felony, despite such a felony conviction on January 10, 1941. Hereinafter, this case will be referred to as the "false statement" case.

Both cases came on for hearing before the Board of Liquor Control in Columbus, Ohio, and in both cases the permit holders were represented by an attorney.

In the case of the 1962 gambling charge, both sides stipulated that four named Youngstown police officers would testify that, armed with a search warrant and accompanied by three liquor department investigators, they visited the Tisone Tavern, searched Tisone and seized 25 numbers slips, seven race track bet slips and two other slips recording horse race bets.

One policeman testified that "there was $160.00 in numbers alone, and I believe the total ran between $300.00 and $400.00." This was controverted only as to amount, counsel for Tisone stating "if my client were permitted to testify, he would testify that the maximum in the number pads was twenty dollars; and in the horse bets not over $80.00." It was stated that Tisone was on duty as bartender at the time of the visit by the city and state officers.

In the "false statement" case, it was stipulated that in the transfer of the Class D-5 permit to Joseph Tisone and Carmen Tisone, Carmen signed and swore to an application stating that he had never been convicted of a felony, and that the records of the United States District Court, Northern District of Ohio, Eastern Division, show that Carmen Tisone pleaded guilty to a felony indictment and received a suspended sentence of 20 months on each of two counts and a $500 fine on each. Counsel for Tisone admitted the truth of the stipulation stating, "If the board please, the stipulation is correct. There was an indictment, and there was the conviction." Counsel for Tisone enlarged on the charge by claiming the false answer was repeated by Tisone each year in annual renewal applications filed from 1952 to 1962, stating:

"Mr. Tisone not only made the statement in 1952, but I

might say he made it subsequently, practically on every renewal application.''

In the 1962 gambling charge, which came on for hearing on October 24, 1962, the board, by unanimous vote of all four members on the same date, to wit, October 24, 1962, found that the permit holder was guilty of the gambling charge and ordered the permit revoked on November 15, 1962. On the same date, by a separate order, the board found the permit holder, Carmen Tisone, guilty of the false statement charge and again ordered the permit revoked, this order also being made effective on November 15, 1962.

Thereafter, in the 1962 gambling case, orders were made on November 13, 1962, granting a rehearing, and on February 1, 1963, denying modification because of the inability of the board to agree, two members favoring modification and two members opposing it. Also, there were further orders in the ''false statement'' case, including one on November 13, 1962, granting a rehearing, and two dated February 1, 1963, one of clarification, and the other denying modification because of the inability of the board to agree. In both cases, the final orders made the revocation of the permit effective February 18, 1963.

In both cases, counsel for the permit holders filed notices of appeal to the Court of Common Pleas of Franklin County, Ohio, with the board and the court, pursuant to Section 119.12 of the Revised Code.

Temporary restraining orders were obtained in both cases and bonds were filed with the Clerk of the Common Pleas Court. On March 5, 1963, in both cases, ''proceedings and transcripts and records'' were filed. On March 22, 1963, identical motions for judgments in favor of appellant and permanent injunctions were filed in court, each of the aforesaid motions reading as follows:

''Now comes the appellant and respectfully moves the court for a judgment in favor of the appellant in the above entitled matter and further that the temporary restraining order heretofore granted be made permanent against the appellees for the reason that the Board of Liquor Control has not complied with the provisions of Section 119.12 of the Revised Code.''

The court below on September 27, 1963, handed down a de-

cision sustaining both motions on the ground that "the only certification was by Catherine Merz, Clerk." The court stated that it could find "no statute or board rule, regulation or action, justifying such a certification." On November 18, 1963, this decision was journalized, the journal entry providing in part as follows:

"In consideration thereof, the court finds that appellant's motion for judgment is well taken in that the appellee failed to meet the requirements of Revised Code Section 119.12 in certifying the record to this court.

"Therefore, it is ordered, adjudged and decreed that the order of the Board of Liquor Control should be, and the same hereby is, reversed."

It was from these judgments that the notices of appeal to this court were filed. In the brief filed on behalf of the Ohio Liquor Control Commission, successor to the Board of Liquor Control, hereinafter called the agency, there appears a statement of the case agreed to in substance by counsel for the permit holder and reading in part as follows:

"* * * on March 5, 1963, a transcript of the proceedings and testimony was duly filed with the Court of Common Pleas of Franklin County, Ohio. Said transcript was properly certified by the reporter as being a true and correct transcript of the proceeding and testimony as taken by her and transcribed from her stenographic notes. Said transcript, along with all exhibits offered and copies of all journal entries filed were transmitted to the Court of Common Pleas of Franklin County by the clerk of the Board of Liquor Control.

"Whereupon the appellant-appellee filed a motion for judgment based on Section 119.12, Revised Code, which motion was sustained by the Court of Common Pleas, Franklin County, Ohio, on September 27, 1963. The judgment entry was filed with the Clerk of the Common Pleas Court on November 18, 1963 wherein the notice of appeal of the Board of Liquor Control was filed on November 26, 1963. Said appeal being on questions of law only."

The two questions presented by the appeal according to the brief filed on behalf of the agency are as follows:

"(1) Does the certification, to a court, by the clerk of the agency involved in an appeal from the order of the agency,

meet the statutory requirements set forth in Section 119.12, Revised Code.

"(2) The Board of Liquor Control should have been granted leave to amend the record which was found improperly certified."

The court below held "that the appellee failed to meet the requirements of Revised Code Section 119.12 in certifying the record to this court." The court also stated in its opinion that, "Here the only certification was by Catherine Merz, Clerk. We have been referred to and can find no statute or board rule, regulation or action, justifying such a certification. Undoubtedly that young lady is more familiar with board files than any or all board members; but we cannot make the law, only administer it."

It is not contended that the agency failed to file the complete record within the 20-day period fixed in the sixth paragraph of Section 119.12, *supra*, above set forth. Nor is it contended that the complete record furnished is either incomplete or inaccurate in any particular.

As we understand it, the contention on behalf of the permit holder and the decision and judgment of the court below are that this record must be signed by members of the agency, otherwise it fails to comply with Section 119.12, *supra*.

We have examined the two files in question with care. We find in each, not one certification, but two. The first such certification is the certification of Hazel Gibbon, reporter. The other certification appears at the end of the complete record. This includes, in addition to a complete transcript in question and answer form of all testimony, all board orders, and bears the following certification: "Catherine Merz, Clerk."

If this argument is carried to its logical conclusion, we suppose that all four members of the former Board of Liquor Control, or at least three of them, would be required to sign. We do not so understand the law. Chapter 4301 of the Revised Code as it existed on and prior to March 5, 1963, in Section 4301.02 thereof created the Department of Liquor Control consisting of two parts—the Board of Liquor Control and a Director of Liquor Control. Section 4301.02, *supra*, read in part as follows:

"The Department of Liquor Control consists of a Board

of Liquor Control of four members \* \* \* and a Director of Liquor Control \* \* \*.''

Thus, when the statutes refer to the department, it includes both the board and the director. It is further specifically provided that the director shall be the executive secretary of the board and, except where otherwise specifically provided, the director shall have and exercise all the powers and duties imposed upon the department. Section 4301.09 of the Revised Code reads as follows:

''*The Director of Liquor Control shall be the executive secretary of the Board of Liquor Control.* Subject only to the powers and duties of the board as set forth in Sections 4301.03, 4301.04, and 4301.05 of the Revised Code, all the powers and duties vested in or imposed upon the Department of Liquor Control by Chapters 4301 and 4303 of the Revised Code shall be exercised and performed by the director, who shall administer the affairs of the department, except as otherwise provided in Chapters 4301 and 4303.'' (Emphasis added.)

Section 4301.10 of the Revised Code, prior to the 1963 amendment, made it the duty of the Department of Liquor Control to ''(4) Enforce Chapters 4301. and 4303. of the Revised Code,'' and also to ''(9) Exercise all other powers expressly or by necessary implication conferred upon the department by Chapters 4301. and 4303. of the Revised Code, and all powers necessary for the exercise or discharge of any power, duty, or function expressly conferred or imposed upon the department by such chapters.''

Referring to the final sentence of paragraph six of Section 119.12, *supra*, it would seem that any interested party is entitled to not only ''a complete record of the proceedings in the case,'' but also on demand therefor and at the expense of the interested party ''a copy of the stenographic report of testimony offered and evidence submitted'' at the hearing.

The board and the director, through the official court reporter and the clerk, in this case, have certified that (1) the stenographic transcript of proceedings and testimony is ''true and correct'' and (2) that the transcript furnished is ''true, correct, and complete,'' and includes all exhibits offered and that the board orders attached ''are true and correct and complete copies of the journal entries filed.''

Counsel for the permit holder makes reference to the case of *Allesandro* v. *Board of Liquor Control* (1955), 72 Ohio Law Abs., 528. This case was the subject of a series of decisions spread over five pages announced on March 2, 1955, April 25, 1955, May 3, 1955, and May 18, 1955. It is true that in an opinion dated April 25, 1955, it was stated that "the bill of exceptions" provided for in Section 119.12, *supra*, "must be allowed and signed by the trial judge." See Section 2321.07, Revised Code.

Unfortunately, in the opinion dated May 3, 1955, it was found that the parties had stipulated as to what was to be contained in the transcript. Hence what had previously been said became *obiter dictum*. Furthermore, we have examined the provisions of Section 119.12, *supra*, and are unable to find any reference either to a bill of exceptions or any other basis requiring reference to Section 2321.07 of the Revised Code.

For the reason that, in our opinion, both the complete record and the stenographic report of testimony are certified in compliance with the provisions of Section 119.12, *supra*, we hold that the judgment of the court below must be reversed and set aside and the cause remanded.

*Judgments reversed.*

DUFFY, P. J., and TROOP, J., concur.