BOARD OF REAL ESTATE EXAMINERS, APPELLANT, *v.* PETH, APPELLEE.

[Cite as Bd. of Real Estate Examiners v. Peth, 4 Ohio App. 2d 413.]

(No. 2846—Decided October 31, 1964.)

*Mr. William B. Saxbe,* attorney general, and *Mr. James M. Dunphy,* for appellant.

*Messrs. Curtner, Selva, Parkin & Seller,* for appellee.

CRAWFORD, J. The appellant, State Board of Real Estate Examiners (now known as the Ohio Real Estate Commission) suspended the real estate broker's license of N. A. Peth as of June 1, 1961, for a period of 60 days, for violation of Section 4735.18 (E), Revised Code.

Peth appealed to the Court of Common Pleas, which sustained his motion to find in his favor for failure of the commission to comply with the requirements of Section 119.12, Revised Code, in its certification of the record to the court. The instant appeal on questions of law is taken from the entry journalizing that ruling.

Along with the transcript of the docket and journal entries and original papers from the Court of Common Pleas, the clerk

has furnished us a file containing what purports to be a transcript of a hearing on April 20, 1961, before the Board of Real Estate Examiners. This is in the form of testimony of witnesses, a list of three exhibits identified and in evidence, and a fourth exhibit identified only. The paper upon which this transcript is typed bears the printed business card of the Bass Reporting Company, Cincinnati, Ohio. No certificate is attached. Certain loose papers in the file purport to be the three exhibits in evidence, as indicated by markings thereon.

Also loose in the file are what appear to be: (1) A carbon copy of the original complaint; (2) an unsigned mimeographed copy of a letter attached to a signed registered mail receipt of Nicholas A. Peth, stating the time and place of hearing of the complaint; (3) an unsigned carbon copy of certificate as to action of the board; (4) an unsigned carbon copy of a letter attached to a registered mail receipt of N. A. Peth, stating that a certified copy of the order of the board is enclosed; (5) an original letter from the board over the rubber stamp facsimile of signature of Leo D. Kricker, secretary of the board, directed to the clerk of the Court of Common Pleas, which reads:

"In accordance with Sections 119.11 and 119.12, Revised Code of Ohio, we herewith transmit record of proceedings of the State Board of Real Estate Examiners in the matter of the complaint of Lucille Field vs. N. A. Peth."
and (6) a plain sheet of paper bearing the same water mark as the letter just referred to, but unattached to anything else, labeled at the top "-2-." Immediately following are the words "Record of Proceedings of State Board of Real Estate Examiners in the matter of the complaint of Lucille Field vs. N. A. Peth."

Then follows a list of five numbered exhibits. These apparently refer to the loose papers listed above (except the letter of transmittal), and to what is described as "Stenographic record of testimony and other evidence submitted in the hearing."

Immediately following this list is the name of the board and again the rubber stamp facsimile of the signature of Leo D. Kricker, Secretary.

None of the six loose "exhibits" thus listed bears any number or other identifying mark. Of all these papers, only the

transcript of the testimony, copy of the complaint and letter of transmittal bear the filing stamp of the Court of Common Pleas; and only the transcript of the testimony bears the filing stamp of the Court of Appeals.

Two out of all the "exhibits" bear a filing stamp of the board.

There is no direct statement that the record is complete, and no signature to any certification.

Hence, there is a total failure of the commission to comply with the requirement of Section 119.12, Revised Code, that:

"* * * the agency shall prepare and certify to the court a complete record of the proceedings in the case."

These words are followed in the statute by this provision:

"Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected."

The Court of Common Pleas had no alternative but to sustain Peth's motion and reverse the commission's order of suspension.

The principal cases relied upon by the respective parties are two decisions by other Courts of Appeals. In the case of *Ohio Real Estate Commission* v. *Evans,* 119 Ohio App. 1, it was held that Section 119.12, Revised Code, requires that the complete record, designated as such, must be certified by affixing the signatures thereto of the three commissioners of the Ohio Real Estate Commission, and that the signature of the secretary is not a compliance with that section; that the commission is a statutory agency which, like its secretary, depends upon the statute for authority; and that the secretary is nowhere authorized to make such certification.

The court quoted with approval from the case of *Allesandro* v. *Board of Liquor Control,* 72 Ohio Law Abs. 528, 530, where it was pointed out that the Administrative Procedure Act (Section 119.12, Revised Code) does not provide the manner in which the certification shall be made, that therefore the matter must be governed by the Appellate Procedure Act, and that the bill of exceptions therein provided for (Section 2505.08, Revised Code) must be authenticated by the trial court according to Section 2321.07, Revised Code. It was therefore held that the members of the board or commission

which conducted the hearing, like a trial judge with respect to a bill of exceptions, must personally authenticate the record taken before them.

The Attorney General, representing the commission, has cited *Tisone* v. *Board of Liquor Control*, 1 Ohio App. 2d 126. There, the Court of Appeals for Franklin County, on June 16, 1964, held that a record certified both by the court reporter and by the clerk of the Board of Liquor Control sufficiently complied with Section 119.12, Revised Code. No question was raised as to the completeness of the record.

That court made some analysis of the statutes granting and specifying the powers of the Board of Liquor Control and of its director-executive secretary. But neither the members of the board nor the director-executive secretary did the certifying. Hence, the fact that their authority is derived from statutes different from those applicable to the Real Estate Commission is probably of little consequence in attempting to distinguish that decision from the one in the *Evans case.*

Our present case, however, is patently distinguishable from the *Tisone case.* There, the court emphasized the fact that the record was actually certified not only once but twice, by the reporter and by a clerk of the board. In our case, it was never certified by anyone. The nearest approach to certification is the letter of transmittal to the clerk of the Common Pleas Court, bearing merely the rubber stamp facsimile of the signature of the secretary, and the group of detached exhibits and papers. This does not constitute certification.

There is failure to comply with the statute  There is no authenticated record which the court could consider. The judgment will be affirmed.

*Judgment affirmed.*

KERNS, P. J., and SHERER, J., concur.