IN RE REVOCATION OF LICENSE: MCKENZIE, APPELLEE, *v.* OHIO STATE RACING COMMISSION, APPELLANT.

[Cite as McKenzie v. Racing Comm., 1 Ohio App. 2d 283.]

(No. 7733—Decided February 10, 1965.)

*Messrs. George, Greek, King & McMahon* and *Mr. Kiehner Johnson,* for appellee.
*Mr. William B. Saxbe,* attorney general, and *Mr. James E. Rattan,* for appellant.

DUFFEY, J. This is an appeal on questions of law by the Ohio State Racing Commission from a judgment of the Court of Common Pleas of Franklin County in favor of appellee, Michael J. McKenzie.

Appellee was charged and found guilty by the commission of two violations of commission rule 321 concerning the paying or offering of bribes to a jockey. An appeal was taken to the Common Pleas Court pursuant to Section 119.12, Revised Code.

The notice of appeal was filed on June 26, 1963. On July 12, 1963, the clerk of the court received an envelope containing:

(1) A transcript of evidence with exhibits attached, but without any certification or authentication attached to it.

(2) Photostatic copy of a letter dated June 13, 1963, to the appellee, notifying him of the commission's findings and order.

(3) A typewritten sheet with the heading "Copied from Minutes of the Ohio State Racing Commission Meeting held on June 12, 1963," and containing two paragraphs which state, in essence, that a hearing was held and appellee found guilty and that his license be revoked. No signature or certification appears on this sheet.

(4) A paper which reads as follows:

"CERTIFICATION

"I hereby certify that this is a complete record of the proceedings regarding Michael J. McKenzie before the Ohio State Racing Commission, and a copy of the final order and decision of said commission.

"Items attached hereto are:

"1. Transcript of proceedings In the Matter of Michael J. McKenzie, No. 63-4 and the exhibits attached to said transcript.

"2. Copy of Letter dated June 13, 1963 advising Michael J. McKenzie of the commission's decision after hearing.

"3. Copy of final order.

"Further, any copies of material herein attached are certified to be true copies of the original matter.

"By order of the Ohio State Racing Commission and acting in its behalf.

"Harry M. Hoffheimer
Harry M. Hoffheimer, Chairman
Ohio State Racing Commission

"State of Ohio
Hamilton County, ss:

"Sworn to before me and subscribed in my presence this 11th day of July, 1963.

"John Paul Curry
John Paul Curry
Notary Public, State of Ohio."

The appeal was heard by the court on February 10, 1964, and taken under advisement. On March 6, 1964, appellee filed

a motion for judgment on the ground that the agency had failed to certify a complete record as required by Section 119.12, Revised Code. The motion was sustained on the ground that the certification was insufficient. The trial court relied upon *Allesandro* v. *Board of Liquor Control* (1955), 72 Ohio Law Abs. 528, and *Ohio Real Estate Commission* v. *Evans* (1962), 119 Ohio App. 1.

The pertinent portion of Section 119.12, Revised Code, provides:

"Within twenty days after receipt of notice of appeal from an order in any case wherein a hearing is required by Sections 119.01 to 119.13, inclusive, of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected. Additional time, however, may be granted by the court, not to exceed ten days, when it is shown that the agency has made substantial effort to comply. * * *"

Appellant contends that the court should have found that appellee waived any objection to the form of the record by submission of the case on its merits. In view of the second sentence of the paragraph, it is our opinion that a motion filed any time prior to the final judgment is timely. See *Matash* v. *State Department of Insurance* (1964), 177 Ohio St. 55.

Appellant also contends that the record as filed was a sufficient compliance with the statute. We note that copies of original documents have been provided. This would appear proper in the instance of the photostat of the letter of notification, since it is offered as part of the proof of the fact of notification. However, as to original records, notably the minutes of the commission which here constitute the final order itself, the original document must be supplied. The statute requires that the "record" be certified. We see no basis for the substitution of copies for original documents, at least without the consent of the parties. The method of certification used here might also be compared to the provisions of Section 121.20, Revised Code, for the authentication or certification of public records and official papers.

The principal issue is the sufficiency of the certification it-

self. The statute requires that the "agency shall prepare and certify" the record. In *Ohio Real Estate Commission* v. *Evans* (1962), 119 Ohio App. 1, this court held that the secretary was not the "agency," but rather the entire commission itself composed of the three members. On the other hand, the court went on to discuss whether the statute applicable to the Ohio Real Estate Commission (Chapter 4735, Revised Code) provided any authority for the secretary to certify the record. While the court found no such authority, the discussion itself was an implicit recognition that specific statutory provisions applicable to a particular agency might modify the effect of Section 119.12, Revised Code.

An example of such a modification is found in the recent case of *Tisone* v. *Bd. of Liquor Control*, 1 Ohio App. 2d 126. The court there found that the Director of Liquor Control was granted such authority by provisions of Chapter 4301, Revised Code.

We have examined the provisions of Chapter 3769, Revised Code, applying to the Ohio State Racing Commission as they were in effect at the time involved in this case. We find no specific or general authority granted to the *chairman* with respect to the keeping, preservation or certification of records.

Appellant has argued that the statute merely contemplates certification "in the name of the agency by anyone connected therewith who can reasonably be construed to have authority to act in its behalf in such a matter." Appellant would surely modify this view to require that only a person who attended a hearing and had personal knowledge should be allowed to certify to the testimony and other evidence presented. In any event, the problem in this case is not whether appellant's view should be used, but whether the statutes, either in Section 119.12, Revised Code, or in Chapter 3769, Revised Code, permit the chairman of this agency to certify the record. In our opinion, they do not. It might be noted that in this case the chairman's certification states that he is acting by order of the commission. However, no such order is found in the record.

It would appear arguable that the trial court has authority under the statute to grant additional time not to exceed 10 days from the ruling on the motion. However, the Supreme Court has ruled otherwise. The 10-day period must be com-

puted with reference to the notice of appeal, *i. e.*, not more than 30 days in all from receipt of the notice of appeal. *Matash* v. *State Department of Insurance* (1964), 177 Ohio St. 55. The failure to fully comply within the 30-day period requires a reversal of the agency's order, and a judgment for the appellee.

The judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

TROOP, J., concurs.

BRYANT, J. (Presiding), dissenting. I find myself unable to concur with the majority of the court and must therefore respectfully dissent. In many respects I regard as adequate the statement of facts contained in the majority opinion. I wish to supplement it rather than to dispute it.

It appears to me that the Ohio State Racing Commission and its member chairman, Harry M. Hoffheimer, at every step in the proceeding, displayed most commendable care in providing full, adequate and timely notice to Michael J. McKenzie well in advance of each step contemplated, and due notice of those taken. Quite obviously, the appeal is not before us on the merits, and on issues related thereto no opinion is expressed.

Subject to the statement just made, it seems to the writer that the steps taken to comply with McKenzie's praecipe were both thorough and complete and appear to me to comply with all applicable statutes and fully to protect McKenzie's rights.

On June 26, 1963, McKenzie's attorney filed a praecipe with the commission "for a transcript of the record" asking that certain items be filed with the Court of Common Pleas of Franklin County "on or before July 16, 1963." Every single item requested was placed in the mail on July 11, 1963, addressed to the Clerk of Courts by certified mail and was received by the clerk and filed on July 12, 1963, four days ahead of the time specified.

Accompanying the items just referred to was a letter of transmittal on the letterhead of the commission, signed by Chairman Hoffheimer, and, in addition, there was a full page certification that the various documents, all of which are specifically described, constitute the "complete record of the proceed-

ings." Further, where copies are included, it is certified that they are "true copies of the original matter."

No objection of any kind to the certification of the record was made in the original presentation to the court. The questions presented related to the five errors assigned. These dealt chiefly with the reasonableness, weight or admissibility of evidence, the alleged vagueness of the commission's rule against bribery, and other undesignated errors.

It is not contended either in this court or in the court below that the commission furnished the complete record too late, for in fact they furnished it several days ahead of the statutory 20-day period. Nor is it argued that there were in fact errors, mistakes or omissions in the transcript of testimony, the attached exhibits, or other papers.

It can not be successfully contended here that the record was not certified as being full and complete. The majority opinion sets forth the certificate signed by Chairman Hoffheimer to that effect. However, it is contended by counsel for McKenzie and upheld by the majority of this court that the chairman was not authorized to sign.

The undisputed record in this case, however, appears to me to be otherwise. The certificate of Chairman Hoffheimer contains the statement that it was executed "By order of the Ohio State Racing Commission and acting in its behalf." The foregoing is a positive assertion under oath by a person whom we are required judicially to notice holds a membership on this commission and is chairman thereof.

Neither in the record nor elsewhere in this case is there a syllable of evidence questioning, disputing or denying this statement of fact made under oath that the commission had made such an order and that it supported the language quoted above. In the majority opinion, it is said that such order is not included in the papers in the case. The writer knows of no requirement that such order be included in the transcript, and we have not been cited to any statute or case requiring such action.

The necessary effect of the holding of the majority in this case seems to the writer to be that the commission lacks the power to make such an order, which is quite different from merely a failure to attach to the record a copy of the commis-

sion's order. The writer feels that there are a number of errors in the majority opinion. However, mention will be made here of only a few of them.

1. The provisions of Section 119.12, Revised Code, that "the agency shall prepare and certify to the court a complete record of the proceedings in the case," in my opinion, were fully complied with by the agency. I feel that in the words quoted there is the implication of delivering the record as well as vouching for its completeness.

2. The penalty found in Section 119.12, Revised Code, if the agency fails to act in 20 days, is authorized to be invoked, not on the request of *any* person or even *any* party, but only "upon motion" of "the party *adversely* affected." (Emphasis added.) In my opinion, there is no showing or even a claim that McKenzie was prejudiced or in any way adversely affected.

3. The court below relied on, and the majority opinion apparently cites with approval, the case of *Allesandro* v. *Board of Liquor Control* (1955), 72 Ohio Law Abs. 528. This case is widely misunderstood and simply is not in point here for several reasons. One is that in the third of five opinions in *Allesandro*, a transcript of testimony certified by a court reporter employed by the Board of Liquor Control was held insufficient. It seems clear that no member of the board had signed or certified this transcript. This was all superseded by the same court in its fourth and fifth decisions when it was discovered in the same case that the parties had stipulated what the evidence was, and the question of the stenographer's certificate simply was not before the court. The best that can be said for *Allesandro* as to certification of the record is that it is strictly *obiter*. I also feel that it deals with an entirely different fact situation (a stenographer's certificate).

4. The court below and the majority rely upon the case of the *Ohio Real Estate Commission* v. *Evans* (1962), 119 Ohio App. 1. This case quotes (on page 6) from *Allesandro* at some length to the effect that the provisions of the Administrative Procedure Act contain no provisions as to "the manner in which the certification shall be made," followed by the holding that "the same must be governed by the provisions of the Appellate Procedure Act."

No authority is advanced on this point. It is quite clear in

*Evans* that no member of the Ohio Real Estate Commission, chairman or otherwise, signed the record and there was no claim that the commission had adopted an order authorizing the chairman or other member to sign. On the contrary, in *Evans*, the only signature affixed was that of the secretary of the commission. In course of the opinion in *Evans*, it is pointed out that even the certificate of the secretary does not state that the record contains all the evidence, the opinion stating at page 6:

"Furthermore, the pseudo certificate of the secretary, if it were valid, nevertheless does not state that the record contains all the evidence. * * *"

This is vastly different from the facts in the case now before us in which it is certified "that this is a complete record of the proceedings" and in which the certificate was signed and sworn to by a member of the commission, as chairman, acting "By order of the Ohio State Racing Commission and acting in its behalf."

5. The majority opinion also relies upon the case of *Matash* v. *State Department of Insurance* (1964), 177 Ohio St. 55. In *Matash*, the facts are so radically different that they offer no help here. In *Matash*, although Section 119.12, Revised Code, requires the transcript and complete record to be filed within 20 days "after receipt of notice of appeal," the agency did not file a single paper during the entire 20 days nor was anything filed during the 13 days thereafter. As the Supreme Court was of the opinion that this 20-day requirement was mandatory and there was a total noncompliance during that period, it followed that a reversal was ordered.

For the foregoing reasons, I am of the opinion that the judgment of the court below should be reversed and set aside and the cause remanded for consideration upon the issues specified in the notice of appeal.