McKenzie, Appellee, *v.* Ohio State Racing Commission, Appellant.

[Cite as McKenzie v. Racing Comm., 5 Ohio St. 2d 229.]

(No. 39497—Decided March 23, 1966.)

230

*Messrs. George, Greek, King & McMahon* and *Mr. Kiehner Johnson,* for appellee.

*Mr. William B. Saxbe,* attorney general, and *Mr. James E. Rattan,* for appellant.

TAFT, C. J. The two questions to be decided in this case may be stated as follows:

Does Section 119.12, Revised Code, stating that "after receipt of notice of appeal from an order in any case * * * the agency shall prepare and certify to the court a complete record of the proceedings in the case" require that all members of a multimember agency, such as the Racing Commission, certify the record?

May "a * * * record of the proceedings in the case" before an administrative agency be "complete" within the meaning of Section 119.12, Revised Code, even though it contains a certified copy of and not the original of the final order of the agency, which copy is taken from the original minutes of the meeting of the agency where such final order is recorded?

Section 1.11, Revised Code, reads in part:

"Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice. * * *"

This court has recently held that statutes regulating appeals are remedial in nature and are to be given a liberal construction. *Van Meter* v. *Segal-Schadel Co.* (1966), 5 Ohio St. 2d 185. See *Industrial Commission* v. *Musselli* (1921), 102 Ohio St. 10, 130 N. E. 32.

To hold, as appellee contends and the Court of Appeals held, that all members of the agency must certify the record would be a technical and strict construction of the statute and inconsistent with Section 1.11, Revised Code, and the *Van Meter case.* The mere use of the words *"the agency* shall prepare and certify * * * a complete record" in Section 119.12 does not lead to the conclusion that all members of the agency must "prepare and certify." The practicalities of the situation covered by this section indicate that the General Assembly contemplated that the duty of preparing and certifying the record was one of those administrative duties which could be carried out by a proper agency representative on behalf of the agency. No one would contend that every member of the agency must participate in preparing the record, and likewise, in the absence of any affirmative legislative pronouncement to the contrary, we believe it not necessary for every member to certify the record.

232

If it were, an unnecessarily cumbersome and inefficient process would be the result.

In holding that the Chairman of the Racing Commission alone cannot certify the record, the lower courts relied heavily upon the cases of *Ohio Real Estate Commission* v. *Evans* (1962), 119 Ohio App. 1, 196 N. E. 2d 338, and *Allesandro* v. *Board of Liquor Control* (1955), 72 Ohio Law Abs. 528, 135 N. E. 2d 795. Those cases may be distinguishable on their facts from the instant case, but, without endeavoring to distinguish them, we disapprove of those opinions to the extent that they are inconsistent with the decision and reasoning in the instant case.

The Court of Appeals also apparently adopted as a basis for its decision the fact that certified copies of certain original documents, *i. e.*, the minutes of the commission which constitute its final order, were provided instead of the original thereof. A liberal construction of Section 119.12, Revised Code, provides no basis for requiring an original of the final order rather than a certified copy of such order. The reason for allowing the filing of a certified copy is to permit the original to stay with the agency where it properly belongs.

Our conclusion then is that there is a sufficient certification by "the agency" under Section 119.12, Revised Code, where a member or employee of the agency certifies that what purports to be a record of such proceedings "is a complete record" thereof, that "any copies of material herein * * * are certified to be true copies of the original matter," and that such certificate is made "by order of the" agency "and acting in its behalf," unless it is made to appear affirmatively that the one so certifying did not have authority to do so or that the record so certified is not a complete record of the proceedings.

For the above stated reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

Zimmerman, Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.