## Bergdahl v.
## State Bd. of Psychology
### [Cite as 8 AOA 167]

*Case No. 1431*
*Athens County, (4th)*
*Decided December 4, 1990*

*Anthony J. Celebrezze, Jr., 30 East Broad St., Columbus, Ohio, for Appellant.*

*Douglas B. Dougherty, 3244 West Henderson Rd., Columbus, Ohio, for appellee.*

ABELE, P.J.

This is an appeal from an Athens County Common Pleas Court judgment reversing a decision of the Ohio State Psychology Board.

On July 24, 1985, appellee applied to the Ohio State Psychology Board ("Board"), asking to be admitted to the examination for psychology license. At a hearing on June 27, 1986, the Board informed appellee she would only be able to take the examination if she took additional coursework and have her college transcript changed to reflect the additional coursework.

Appellee completed the coursework but was unable to obtain the necessary changes to her transcript to satisfy the Board. On December 8, 1988, the Board informed appellee her application was denied.

Appellee filed an appeal with the Athens County Court of Common Pleas. On April 14, 1989, appellee filed a Motion to Submit Addi-

tional Evidence requesting that certified copies of the "official minutes" of the Board's meetings be included in the official record. On May 22, 1989, the court ordered the minutes to be submitted by the Board within thirty days. The Board did not comply with the court's order and on July 24, 1989, appellee filed a Motion for Finding in Favor of Appellant. On October 13, 1989, the court granted appellee's motion and remanded the case to the Board.

We affirm.

### ASSIGNMENT OF ERROR I.
"THE COURT BELOW ERRED IN CONCLUDING THAT THE BOARD OF PSYCHOLOGY FAILED TO CERTIFY A COMPLETE RECORD OF ITS PROCEEDINGS BECAUSE THE MINUTES OF THE BOARD'S JUNE 27, 1986 MEETING ARE NOT A MANDATORY PART OF THE CERTIFIED RECORD."

R.C. 119.12 states in part:

"Within thirty days after receipt of notice of appeal from an order in any case wherein a hearing is required by sections 119.01 to 119.13 of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. *Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected.*" Emphasis Added

"Complete record of proceedings" was defined by the court in *Checker Realty Co. v. Ohio Real Estate Commission* (1974), 41 Ohio App. 2d 37, 42, as, "A precise history of the administrative proceedings from their commencement to their termination."

Appellant contends the minutes of its meetings is not necessary to provide a "precise history" of its proceedings. Although appellant cites *Tisone v. Board of Liquor Control* (1964), 1 Ohio App. 2d 126, a review of that decision shows that what constitutes a complete record was not an issue.

In the instant case, the court gave specific reasons why it felt the minutes were a necessary part of this record. Appellee raised the constitutionality of the applicable section of the administrative code as a basis of appeal in the lower court. The court found that the minutes of the meeting were essential in determining the merits of appellee's appeal.

We have reviewed the record and agree with the lower court that the minutes of the meetings were a necessary part of the certified record. Appellant's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II.
"THE COURT BELOW ERRED IN CONCLUDING THAT THE BOARD OF PSYCHOLOGY FAILED TO CERTIFY A COMPLETE RECORD OF ITS PROCEEDINGS BECAUSE THE MINUTES OF THE BOARD'S JUNE 27, 1986 MEETING AND THE MOTION CONCERNING BERGDAHL REFLECTED IN THOSE MINUTES WERE ACTUALLY INCLUDED IN THE RECORD CERTIFIED BY THE BOARD."

Appellant contends that because minutes of meetings were attached to memoranda filed by appellee, this meets the statutory requirement that the record be certified. We have reviewed the record and are convinced the certified copies of the minutes were not included in the original certified record nor were they submitted as required by the court in its May 22, 1989 entry. Appellant's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III.
"THE COURT BELOW ERRED IN GRANTING JUDGMENT IN FAVOR OF BERGDAHL PURSUANT TO R.C. 119.12, PARAGRAPH NINE, BECAUSE THE NONLISTING OF THE MINUTES OF THE BOARD'S JUNE 27, 1986 MEETING AS A SEPARATE ITEM IN THE BOARD'S CERTIFIED RECORD DID NOT PREJUDICE BERGDAHL IN THE PRESENTATION OF HER APPEAL."

Appellant contends that even if R.C. 119.12 was violated, a finding could only be issued in favor of appellee if prejudice resulted from the omission. We agree. When the record is timely filed but is incomplete, a finding in favor of the party adversely affected is appropriate if prejudice is shown. *Lorms v. State of Ohio, Department of Commerce* (1976), 48 Ohio St. 2d 153. See, also, *Jenneman v. Ohio State Board of Chiropractic Examiners* (1985), 21 Ohio App. 3d 225.

We have reviewed the record and believe the court had a basis for finding appellant was prejudiced by the incomplete record. One of appellant's grounds for appeal was the constitutionality of Ohio Adm. Code 4732-9-01 as applied to her individual case. That section of the administrative code sets out the course requirements and experience necessary to be eligible for licensure.

Appellant received her doctoral degree two months after the effective date of the regulation. The Board's application of that regulation to appellee's situation was at issue in the appeal before the lower court. The court found and we agree that it could only evaluate that claim if it had access to "all relevant minutes."

The issues presented in this appeal are similar to those raised in *Jordan v. State Board of Nursing Education and Nurse Registration* (April 3, 1987), Jackson App. No. 532, unreported. In *Jordan,* we stated:

"What could be more prejudicial to an appellant than the trial court's inability to determine the validity of her appeal because the agency did not certify the complete record."

We find sufficient support for the court's requirement that appellant certify the "relevant minutes" so that it could determine the validity of appellee's appeal. Appellant's third assignment of error is overruled.

*Judgment affirmed.*

HARSHA, J., concurs in judgment and opinion.

STEPHENSON, J., concurring in part and dissenting in part.

I respectfully dissent from that portion of the majority opinion which overrules appellant's third assignment of error. As noted by the majority, *Lorms, supra,* sets forth the standard for reversal in cases of incomplete certified records. A finding for appellee was not required if the "omission 'in no way prejudice[d] [appellee] in the presentation of [her] appeal.'" *Lorms, supra* at 155; *Checker Realty v. Ohio Real Estate Commission* (1967), 41 Ohio App. 2d 37. The reasoning for this standard is set forth in *Lorms,* at 155 as follows:

"To rule that appellant must be granted a finding in his favor even though the omissions in the record are not prejudicial would require this court to ignore the statutory phase 'ad-

versely affected,' to apply a 'technical and strict construction' of R.C. 119.12 which has been criticized in past cases, and to ignore that R.C. 119.12 is remedial in nature and should, therefore, be given a liberal construction designed to 'assist the parties in obtaining justice' under R.C. 1.11. (See *McKenzie v. Racing Comm.* [1966], 5 Ohio St. 2d 229, 231, 215 N.E. 2d 397, 399.)"

I believe, however, that the majority herein and the court below misapplied the above standard to the case *sub judice.* Certified copies of the minutes in question were not part of the original certified record and were not later submitted. The majority concludes that because the minutes were important to appellee's case, she was prejudiced by their absence. What the majority fails to consider with respect to appellant's third assignment of error is the non-certified copy of the minutes which was attached to a memorandum filed before the board. The copy was obviously a rough draft of the minutes; however, if it contained everything the official copy contains, appellee would not be prejudiced because the pertinent information would be before the court below for consideration as it was before the Board. Under such circumstances the court below should not have entered a finding in favor of appellee.

Appellee contends, without any proof, that the official minutes may contain different information and that the draft minutes may-be incomplete. It is impossible, from the record before us, to determine whether draft minutes are incomplete or contain different information. Therefore, I would remand to the trial court for a determination of whether the draft minutes are deficient, and, if so, whether the deficiencies are prejudicial to appellee. *See Milford v. Ohio State Racing Commission* (April 12, 1978), Hamilton App. No. C77003, unreported. Only in the situation where there are deficiencies prejudicial to appellee should a finding be entered in her favor on the certification issue.