BLANKENSHIP, APPELLANT, *v.* THE STATE, EX REL. BRADEN, REGISTRAR, APPELLEE.

(No. 6669—Decided June 13, 1961.)

*Mr. Anthony R. Zingarelli,* for appellant.

*Mr. Mark McElroy,* attorney general, and *Mr. Richard F. Swope,* for appellee.

BRYANT, J. This is an appeal by Joseph E. Blankenship, appellant herein, from an order by George C. Braden, then Registrar of Motor Vehicles, appellee herein, rejecting the application by Blankenship to transfer his automobile salesman's license from his former employer to his new employer, both of whom were licensed automobile dealers.

Blankenship was employed by a Columbus Oldsmobile dealer from November 1957 to July 1958, when he either quit or was discharged. The state law providing for automobile dealers' and salesmen's licenses, Chapter 4517 of the Revised Code, is administered by the registrar and provides that a salesman's license is valid only while the salesman is in the employ of the dealer for whom he worked when applying for the license (Section 4517.03, Revised Code). The law provides also (Section 4517.04, Revised Code) that upon leaving the service of the dealer whose name appears on the salesman's license, such license shall be automatically suspended, but when the salesman is employed by another dealer, the salesman is authorized to apply to have the license reinstated and transferred.

In the early part of August 1958, Blankenship filed an application with Braden to have his salesman's license reinstated and transferred to show the name of his new employer. As all such licenses expire on March 31 after their issuance and renewal applications are required to be filed prior to April 1 of each year, it would appear that Blankenship, when he left the service of the Columbus Oldsmobile agency, was the holder of a valid automobile salesman's license issued on April 1, 1958, which had a remaining life of from eight to nine months.

Braden rejected Blankenship's application for reinstatement and transfer, summarily and without any prior notice or opportunity to be heard. Thereafter, Blankenship appealed to the Motor Vehicle Dealers' and Salesmen's Licensing Board consisting of Braden and two automobile dealers holding licenses issued by Braden. At the conclusion of the hearing, the case was taken under advisement and counsel for the registrar requested "that the exhibits be retained in the file," which request was granted.

The hearing was held October 30, 1958, and on November 12, 1958, the board decided that the order of the registrar should be sustained, and on the following day notice by certified mail was given to appellant and his counsel.

On November 17, 1958, notice of appeal was filed in the Court of Common Pleas of Franklin County and on the following day notice was filed with the board, together with a copy of the order of the Common Pleas Court temporarily suspending the order of the registrar. Thereafter, it appears that two documents were transmitted by the board to the clerk of the Common Pleas Court, one of them a transcript or stenographic report consisting of two hundred and five pages dealing with the hearing of October 30, 1958, and the other, a one-page document bearing fourteen dates and notations beside each setting forth the happenings before the registrar and the board in the case of the appellant. The letter of transmittal of these two documents, part of the file, addressed to the Franklin County Clerk of Courts, reads as follows:

"Herewith enclosed is the transcript of the Joseph E. Blankenship hearing of October 30, 1958.

"Also, enclosed is a copy of page No. 86 of the docket book of the Dealer's and Salesman's Licensing Board relative to the above mentioned case.

"By direction of the registrar."

The transcript prepared by the clerk of courts indicates that on November 19, 1958, "proceedings and testimony of hearing filed." Nowhere in the record appearing before us, with one exception, is there any indication that anything else was filed by the board except the two documents above referred to. The one exception is in the case of the stenographic transcript of the hearing which was reported to have become lost and a substitute copy made part of the file by agreement of the parties at the time of argument.

When the matter was finally transmitted to the court below, the court overruled objections that the order of the board was against the weight of the evidence and that the order was based upon inadmissible testimony; and further held that no prejudicial error was committed, and that the order of the board is supported by reliable, probative and substantial evidence, whereupon the court affirmed the decision of the board and

dismissed the appeal. The judgment of the court below with reference to the weight of the evidence and the illegality of admitting most of the evidence is error which is assigned on appeal to this court.

As above pointed out, under the provisions of state law (Chapter 4517, *supra*), automobile salesmen's licenses are issued for not more than one year, expire on March 31 each year and must be renewed by application filed on or before April 1 each year. The record indicates that appellant was duly licensed while in the employ of the Columbus Oldsmobile dealer. It follows, therefore, that Blankenship was licensed prior to March 31, 1958, and that on April 1, 1958, a renewal license was issued to him.

This entire proceeding began with the rejection by the registrar of Blankenship's application to transfer his license from his former employer, whose service he left early in July 1958, to the new employer for whom he started working about August 1, 1958.

At the outset, we are unable to find that the record on appeal contains, or ever contained, any paper or record indicating that Blankenship applied for or obtained a renewal license on April 1, 1958.

We have also been unable to ascertain that the record now contains or ever did contain Blankenship's application for the reinstatement and transfer of his license, or, what is of much greater importance, that the record contains or ever did contain the order and determination by the registrar that such application should be rejected and refused.

Nor do we find the text of the notice required to be sent under the provisions of paragraph two of Section 119.07 of the Revised Code, such notice being required to be sent "not later than the business day next succeeding such order" and being required to state "the reasons for the agency's action, cite the law or rule directly involved, and state that the party will be afforded a hearing * * *."

The registrar, under the provisions of Section 4517.10 (A), Revised Code, is made "ex officio secretary and executive officer of said board" and is authorized to assign employees of the bureau to "perform the duties and exercise the powers of secretary of the board." Thus it is clear that when Blankenship

appealed the registrar's order rejecting the application to rein-state and transfer Blankenship's license, it became the duty of the registrar to transfer the necessary papers and documents to the custody of the board of which he was the secretary and executive officer. Nothing of this nature appears, according to the record, to have been done. If the registrar made a writ-ten order rejecting the transfer application, this written order should have been transferred to the board and become part of its record along with any other original papers pertinent to the case.

After the board affirmed the registrar's order and a notice of appeal to the Common Pleas Court was filed, it became the duty of the registrar, as secretary and executive officer of the board, to "prepare and certify to the court a complete record of the proceedings in the case." (Section 119.12, Revised Code.)

As above pointed out, only two documents were filed with the Common Pleas Court by the secretary of the board, one being the transcript of the hearing on October 30, 1958, and the other, a list of the dates upon which occurred the various proceedings before the registrar and the board. Completely absent there-from were such documents as (a) the application, filed April 1, 1958, for a renewal salesman's license and evidence that the license was in fact issued; (b) the written order of the registrar rejecting the transfer application to reinstate and transfer Blankenship's license citing the reasons for the rejection, the statute or rule involved together with evidence that it was in the form required and served within the time prescribed by law; (c) the notice of appeal filed with the registrar and with the board; (d) in addition to the transcript of the hearing of Octo-ber 30, 1958, which was filed, the final order made by the board affirming the rejection order made by the registrar including extracts from the board's minutes sufficient to give authenticity to such order and containing as a minimum the action taken, the reason therefor, the statute or regulation involved and proof that service thereof was made upon the appellant within the time and in the manner required by law; and (e) any other mo-tions, demurrers or papers falling within the category of origi-nal papers in the case.

None of the documents above referred to appears ever to have been filed with the Common Pleas Court. It is difficult to

conceive how anyone could pass upon the validity, the legality or the propriety of the order of the registrar rejecting the transfer application, or, for that matter, the order of the board affirming the registrar's rejection order, when neither of these orders appears ever to have been filed or to have become a part of the papers on appeal in the Common Pleas Court. The powers and duties of the Common Pleas Court on an appeal such as this are set forth in Section 119.12, Revised Code, which in the ninth paragraph thereof reads in part as follows:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record * * * that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."

Pursuant thereto the court below in its journal entry made a finding "that the order of the board is supported by reliable, substantial and probative evidence." Inasmuch as no board order of any kind or character, according to the record, appears ever to have been before the court below and inasmuch as the order of the registrar likewise appears not to have been before the board or the court, there was nothing before either of them on which they could pass an opinion.

The dereliction was that of the agency and not of the appellant. We are forced to conclude therefore that the decision of the board was against the weight of the evidence and that the court below committed prejudicial error in holding that the evidence before the board was sufficient.

In view of the conclusion we have reached it is not necessary to pass upon the second error assigned involving the sufficiency or admissibility of the evidence offered on behalf of the registrar and we therefore express no opinion on this question.

Inasmuch as these proceedings may not end here, we deem it advisable further to point out the following: (a) The only ground for suspension mentioned in this case is set forth in paragraph (C) of Section 4517.07, Revised Code, which is applicable by its terms only to applications for licenses and has no bearing upon applications for transfer under Section 4517.04,

*supra*; (b) we express no opinion on the question whether the entire proceedings have become moot. The transfer application related to a license which, of necessity, expired on March 31, 1959, since which time three annual renewal applications must, of necessity, have been filed and the fees paid if appellant was to remain a licensed autombile salesman. Appellant in this case already had a license, issued as of April 1, 1958, which was good until March 31, 1959, unless earlier suspended or revoked.

For the reasons above set forth, the first assignment of error, so far as it relates to the manifest weight of the evidence, is well taken and will be sustained. The judgment of the court below and the orders of the board and of the registrar are hereby reversed and the cause is remanded to the registrar for further proceedings in accordance with law.

*Judgment reversed.*

DUFFY, J., concurs.
DUFFEY, P. J., concurs in the judgment.