BROCKMEYER, APPELLANT, *v.* OHIO REAL ESTATE COMM., APPELLEE.

(No. 8100—Decided February 15, 1966.)

*Mr. William Boyko,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. James D. Newcomer,* for appellee.

DUFFEY, J. This is an appeal under Section 119.12, Revised Code, from a judgment of the Common Pleas Court of Franklin County, affirming an order of the Ohio Real Estate Commission. The commission ordered the revocation of appellant's real estate broker license.

Appellant was charged with violation of Section 4735.18,

Revised Code. In charge No. 1, he is accused of violating both paragraphs (A) and (F) in each of two separate transactions. Charge No. 2 was reversed by the Common Pleas Court and is not before this court.

Paragraph (A) of Section 4735.18, Revised Code, prohibits "knowingly making any misrepresentation." Paragraph (F) prohibits "any other conduct which constitutes dishonest dealing * * *." The appellant is accused of having knowingly and dishonestly "represented to prospective lenders that the purchase prices of the two properties were fairly substantially greater than the prices actually were."

A charge under these paragraphs must involve conduct by a broker as a broker, i. e., the misrepresentation or dishonest act must relate to the brokerage business of the broker. Under the definition of a "real estate broker" found in Section 4735.01, Revised Code, one who engages in negotiating "mortgage financing" is not acting as a broker within the meaning of Chapter 4735, Revised Code. The accusation here does not relate to misrepresentation involving the sale transaction or to the seller or purchasers. The charge refers only to "prospective lenders." However, since this appeal must be decided on procedural grounds, we express no opinion on whether the record here supports a violation.

In our opinion, the record as certified by the agency is incomplete. It does not contain the agency's order. The action taken by the commission upon the charges as made appears only in an unverified copy of an alleged order attached to the notice of appeal filed by the appellant. This copy is not, of course, certified by the agency.

Under Section 119.12, Revised Code, the agency must "certify to the court a complete record of the proceedings." This must be done within twenty days or ten additional days obtained by proper motion. *Matash* v. *State, Dept. of Ins.* (1964), 177 Ohio St. 55. Further, the statute provides that "failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected." Appellant filed a timely motion. Compliance with these statutory provisions is mandatory. Compare *Bd. of Real Estate Examiners* v. *Peth* (1964), 4 Ohio App. 2d 413.

Appellee argues that the copy of the order attached to appellant's notice of appeal constitutes compliance with the statute, and, in any event, constitutes a "waiver" of the requirement of a complete record. Assuming that a copy may be substituted for the original, the copy here is not certified by the agency, and therefore cannot be a compliance with the statute. The contention as to "waiver" goes to the existence of prejudice—a factor not found in the mandatory procedural requirements of the statute.

If the issue presented by the procedural defect here were one of notice to the appellant or prejudice in the presentation of his appeal, we would agree that no reversal would be warranted. However, the problem is one of an incomplete record. In most civil actions the solution is to send the file back to the agency to have the original order placed in the transcript and recertified by the court. This court was recently given that power with respect to a bill of exceptions. See Section 2321.05, Revised Code, as amended effective September 24, 1963 (130 Ohio Laws 268). Unfortunately, that solution is not available in this case. There is no provision in Section 119.12, Revised Code, which authorizes either the Common Pleas Court or this court to order a diminution of the record by an administrative agency.

This court can sympathize with the Attorney General's position that the people of Ohio through their administrative agencies are entitled to a day in court on the merits of a case. Perhaps a procedural oversight which does not prejudice the opposite party should not carry the harsh result of dismissal of the charges. However, in the field of administrative law, the rules are strictly applied, and at least the harshness falls equally upon both sides. Compare *Starr* v. *Young, Admr.* (1961), 172 Ohio St. 317, and *Parker* v. *Young, Admr.* (1961), 172 Ohio St. 464. Until the statutes are amended, the licensee must go free if the agency makes a mistake.

The judgment of the Common Pleas Court and the order of the commission will be reversed and vacated.

*Judgment reversed.*

Bryant, P. J., and Troop, J., concur.