CHECKER REALTY CO. ET AL., APPELLANTS, *v.* OHIO REAL ESTATE COMMISSION, APPELLEE.

(No. 74AP-23—Decided June 25, 1974.)

Mr. *E. S. Morton,* for appellants.
Mr. *William J. Brown,* Attorney General, *Mr. Thomas E. Turk* and *Mr. Thomas E. Heydinger,* for appellee.

WHITESIDE, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas affirming an order of the Ohio Real Estate Commission and overruling a motion of appellants for a finding and judgment in their favor.

Appellants appealed to the Court of Common Pleas from an order of the Ohio Real Estate Commission suspending their real estate license for a period of twenty-five days. Subsequently, appellants filed a motion for a judgment in their favor upon the grounds that the Ohio Real Estate Commission had failed to certify a complete record of its proceedings to the Court of Common Pleas. The trial court overruled this motion and found the order of the commission to be reasonable and lawful and in conformity with the evidence. Appellants now appeal to this court and raise three assignments of error as follows:

"1. Error of the trial court in overruling appellants' motion for judgment in favor of appellants.

"2. Error of the trial court in not sustaining appellants' motion for findings and judgment in favor of appellants.

"3. Error of the trial court in granting judgment in favor of appellee."

Although appellants have set forth three assignments of error, only a single issue is raised by the brief and oral argument. Appellants contend that the trial court should have entered an order in their favor pursuant to R. C. 119.12 for failure of the Ohio Real Estate Commission to certify a complete record of its proceedings to the Court of Common Pleas. R. C. 119.12 reads in pertinent part as follows:

"Within twenty days after receipt of notice of appeal from an order in any case wherein a hearing is required by

Sections 119.01 to 119.13, inclusive, of the Revised Code, the agency shall prepare and *certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected.* Additional time, however, may be granted by the court, not to exceed ten days, when it is shown that the agency has made substantial effort to comply.

"* * * Upon demand by any interested party, the agency shall furnish at the cost of the party requesting it a copy of the stenographic report of testimony offered and evidence submitted at any hearing and a copy of the complete record." (Emphasis added.)

This provision of R. C. 119.12 is mandatory. Accordingly, as stated in the syllabus of *Matash* v. *Dept. of Insurance* (1964), 177 Ohio St. 55:

"Where an appeal from an order of an administrative agency has been duly made to the Common Pleas Court pursuant to Section 119.12, Revised Code, and the agency has not prepared and certified to the court a complete record of the proceedings within twenty days after receipt of the notice of appeal and the court has granted the agency no additional time to do so, the court must, upon motion of the appellant, enter a finding in favor of the appellant and render a judgment for the appellant."

In *Matash,* there would appear to have been a complete failure to certify any record. In this case, the Ohio Real Estate Commission, within the required twenty-day period, did file a certification of record to which was attached certain documents. Such certification reads, in pertinent part, as follows:

"The Ohio Real Estate Commission, appellee, hereby certifies that the enclosed documents comprise the complete record of the proceedings in the captioned case before it, and further certifies that copies of any documents included herein are true and correct copies of the originals.

"The enclosed documents consist of the following:

"(1) One transcript, O.R.E.C., Docket 495

"(2) Certified copy of O.R.E.C. order in said case attached to transcript.

"(3) Commission's Exhibits 1 through 4, inclusive, attached to transcript.

"Respondent's Exhibits A through D, inclusive, attached.

"This certification of the aforesaid record is made pursuant to the requirements of Section 119.12, Ohio Revised Code."

Appellants contend that the record so certified is not complete because it does not contain the complaint upon which the hearing was founded. This alleged complaint is a four page letter signed by Edward Centofante. Appellee contends that the record is complete and that the letter is not the complaint upon which the hearing was founded. Appellee states, at pages 4 and 5 of its brief:

"Pursuant to the authority granted by the above-quoted portion of Section 4735.03, Ohio Revised Code, and shortly after the receipt of Mr. Centofante's letter, the commission initiated an investigation. As a result of that investigation, appellants were given notice dated March 1, 1973, that it was alleged that they had violated Section 4735.18, Ohio Revised Code, Subsections (A), (B), and (F). Appellants requested a hearing before the commission. The commission set the matter for hearing, and the appellants were so notified. No attempt at discovery was made by appellants.

"On April 5, 1973, the commission met and heard the evidence in this case. A court reporter was in attendance during the entire proceedings and prepared a written transcript of those proceedings. Appellants were represented by legal counsel. At no time did appellants attempt to introduce the aforementioned letter."

An examination of the "complete record," as certified by the Ohio Real Estate Commission, reveals nothing to verify the above statements of appellee as to what transpired prior to the hearing held April 5, 1973. The "complete record," as certified by the Commission, consists of a transcript of the hearing held on April 5, 1973, and the exhibits introduced at such hearing, and a certified copy of a finding and order from the journal of the Commission. Nothing more is contained in the "complete record."

However, we find at page 1 of the transcript a statement by the assistant attorney general that he "planned to call one witness in this case, the complaining witness, upon whose statement a citation was issued against Mr. Kincaid and the Checker Realty Company." At page 3 of the record, we find the following statement by the chairman of the commission:

"This hearing has been arranged at the request of Mr. Centofante of the Ohio real estate Commission—on Mr. Centofante's complaint to the Real Estate Commission, alleging that Section 3745.19 of the Revised Code of Ohio has been violated, and there is a request to be heard in relationship to a complaint to the real estate commission."

R. C. 4735.18 provides that:

"The Ohio Real Estate Commission may, upon its own motion, and shall, upon the verified complaint in writing of any person, investigate the conduct of any licensee and may suspend or revoke any license at any time where the licensee * * * is guilty of any one of the following: * * *." (There follows some 33 divisions setting forth grounds for such action.)

R. C. 4735.19 provides as follows:

"The Ohio Real Estate Commission shall keep a record of its proceedings and may, upon application of an interested party, or upon its own motion and notice to the interested parties reverse, vacate, or modify its own orders.

"Any applicant, licensee, or complainant, dissatisfied with an order of said commission may appeal in accordance with Sections 119.01 to 119.13, inclusive, of the Revised Code."

The initial issue is what constitutes "a complete record of the *proceedings* in the case" within the meaning of R. C. 119.12. Obviously, this is not simply a transcript of the testimony offered and evidence submitted at the hearing, for, in the same paragraph of R. C. 119.12, a "complete record" is referred to as being something in addition thereto, thusly:

"* * * Upon demand by any interested party, the agency shall furnish at the cost of the party requesting it a copy of the stenographic report of testimony offered

and evidence submitted at any hearing *and a copy of the complete record."* (Emphasis added.)

Ordinarily, a "record of proceedings" of a court does not include a report of the testimony or evidence submitted unless made a part of the record by some means.

There appears to be little Ohio authority as to what constitutes a "record of proceedings." In *State* v. *Allen* (1927), 117 Ohio St. 470, we do find the following statement at page 473:

"It must first be determined what constitutes a record. A definition found in early text-books and adopted in many adjudicated cases states that it is *a precise history of a suit from its commencement to its termination*, including the conclusions of law thereon drawn by the proper officer for the purpose of perpetuating the exact state of facts. * * *" (Emphasis added.)

Utilizing this definition, a "complete record of proceedings in the case" would be a "precise history" of the administrative proceedings from their commencement to their termination. The instant proceedings necessarily were commenced by either the filing of a verified complaint or the adoption of a motion. To constitute a "precise history" of the case from its "commencement to its termination," that which commenced the case necessarily is a part of the record.

R. C. Chapter 119 is applicable to the proceedings of the Ohio Real Estate Commission in suspending licenses. R. C. 119.06, 119.07 and 119.09 generally set forth the procedure for such an adjudication hearing. R. C. 119.07 requires a notice to be given by registered mail which "shall include the charges or other reasons for such proposed action, the law or rule directly involved, and a statement informing the party that he is entitled to a hearing if he requests it within thirty days of the time of mailing the notice." R. C. 119.07 further provides that "[t]he failure of an agency to give the notice for any hearing required by Sections 119.01 to 119.13, inclusive, of the Revised Code, in the manner provided in this section shall invalidate any order entered pursuant to such hearing."

Although appellants only raise the objection that the

record is not complete, there is no record of the required notice having been given herein. A complete record, of necessity, would include such notice. It would also include either the motion of the Ohio Real Estate Commission or the verified complaint upon which the proceedings were founded, pursuant to R. C. 4735.18, *supra*.

The certified "complete" record herein does include an extract from the journal of the Ohio Real Estate Commission setting forth the findings and order of the commission. R. C. 119.09 provides, in part:

"After such order is entered on its journal, the agency shall serve by registered mail, return receipt requested, upon the party affected thereby, a certified copy of the order and a statement of the time and method by which an appeal may be perfected. * * *"

Since R. C. 119.12 provides that the notice of appeal must be filed within fifteen days after the aforesaid mailing of the notice of the agency's order, the record should contain such record of mailing and the return receipt, in order to be a complete record, so that the court may determine whether or not the notice of appeal is timely filed. See *King* v. *Garnes* (1973), 36 Ohio St. 2d 187.

This court, in *Brockmeyer* v. *Ohio Real Estate Comm.* (1966), 5 Ohio App. 2d 161, held that where a record has been certified by an agency but does not contain the order of the agency from which the appeal is taken, such record is not a complete record of the proceedings required by R. C. 119.12. See, also, to the same effect, *Bd. of Real Estate Examiners* v. *Peth* (1964), 4 Ohio App. 2d 413. The Supreme Court of Ohio, in the third paragraph of the syllabus of *McKenzie* v. *Racing Comm.* (1966), 5 Ohio St. 2d 229, held:

"There is a sufficient certification by 'the agency' under Section 119.12, Revised Code, where a member or employee of the agency certifies that what purports to be a record of such proceedings 'is a complete record' thereof, that 'any copies of material herein * * * are certified to be true copies of the original matter,' and that such certificate is made 'by order of the' agency 'and acting in its behalf,' unless it is made to appear affirmatively that the

one so certifying did not have authority to do so or that the record so certified is not a complete record of the proceedings.''

Pursuant to *McKenzie*, inasmuch as the Ohio Real Estate Commission has certified that what is forwarded to the Common Pleas Court is ''a complete record,'' such certification is a sufficient compliance with R. C. 119.12 unless it affirmatively appears ''that the record so certified is not a complete record of the proceedings.''

Here, it does so affirmatively appear. The record certified contains nothing that transpired prior to the day of hearing. There necessarily were either a motion of the commission or a verified complaint filed with the commission, a notice to appellants of the charges and the setting of a hearing, as well as certain subpoenas which statements in the record indicate were issued for witnesses.

After the hearing itself, the only thing contained in the record certified is a certified copy of the journal containing the findings and order of the commission. Thereafter, however, a notification of such order is required. A return receipt of such notification would have been received, and a notice of appeal would have been filed with the commission. R. C. 119.12 expressly requires that the notice of appeal be filed both with the agency and with the Court of Common Pleas. The notice of appeal filed with the Court of Common Pleas contains a proof of service certifying that the notice of appeal was filed with the Ohio Real Estate Commission. Appellee has not contended to the contrary. See *Minarik* v. *Bd. of Review* (1962), 118 Ohio App. 71, wherein one of the defects in the record referred to was the failure to include a copy of the notice of appeal. See, also, *Blankenship* v. *State, ex rel. Braden* (1961), 114 Ohio App. 200, wherein one of the defects in a record commented upon was the failure to include an application for a license. See, also, *Young* v. *Bd. of Review* (1967), 9 Ohio App. 2d 25, where the record failed to include a copy of the adjudication order.

In this case, if the record, in fact, be complete, as certified by the commission, the R. C. 119.07 notice, required

to be given prior to a hearing, was not given. The statute states that a failure to give such notice "shall invalidate any order entered pursuant to such hearing." Likewise, the R. C. 119.09 service of the order of the commission was not made so that the time for appeal would not yet have begun to run. On the other hand, if the record be complete, appellants have not properly perfected their appeal by filing a notice of appeal with the agency because the record contains no notice of appeal. In addition, it does affirmatively appear, from the record before the court, that the proceedings of the commission were initiated by a "complaint" filed by Mr. Centofante.

The failure of the record to include either the motion of the commission, or the verified complaint, upon which the charges against appellants were founded, is equivalent to the record of an action in court failing to include the complaint in a civil action, or the affidavit, information or indictment in a criminal action, in that the motion or complaint commences the proceedings of the administrative agency.

In almost all the decisions of Courts of Appeals, cited above, the courts have held that, even though a record has been certified, if such record is not complete, the consequences set forth in R. C. 119.12 must be applied by the court, namely, upon motion of appellant "to enter a finding in favor of the party adversely affected." Although we concur that the consequences of R. C. 119.12 must be applied, we differ as to what they are. The language of R. C. 119.12 is that the court "enter a finding in favor of the party *adversely affected*." (Emphasis added.) We find this to require not only that the record be not complete, but also that the party seeking a finding in his favor affirmatively show that he is "adversely affected" by the omission from the record. This requires that the appellant be prejudiced by the omission from the record in the presentation of his appeal.

We recognize that we are in conflict with *Brockmeyer, supra*, which was decided by this court. *Brockmeyer* involved a failure to include a copy of the order in the

"complete record." However, the appellant, as required by R. C. 119.12, had included a copy of the order with his notice of appeal so that the order was before the court, and there was no question as to its contents. This court discussed the situation as follows, at page 163:

"Appellee argues that the copy of the order attached to appellant's notice of appeal constitutes compliance with the statute, and, in any event, constitutes a 'waiver' of the requirement of a complete record. Assuming that a copy may be substituted for the original, the copy here is not certified by the agency, and therefore cannot be a compliance with the statute. The contention as to 'waiver' goes to the existence of prejudice—a factor not found in the mandatory procedural requirements of the statute.

"If the issue presented by the procedural defect here were one of notice to the appellant or prejudice in the presentation of his appeal, we would agree that no reversal would be warranted. * * *

"* * * Perhaps a procedural oversight which does not prejudice the opposite party should not carry the harsh result of dismissal of the charges. However, in the field of administrative law, the rules are strictly applied, and at least the harshness falls equally upon both sides. * * * Until the statutes are amended, the licensee must go free if the agency makes a mistake."

We expressly disapprove and, therefore, overrule the foregoing holding of *Brockmeyer* v. *Ohio Real Estate Comm.* that an omission from a certified record of the proceedings of an administrative agency which does not prejudice the appellant in the presentation of his appeal automatically requires a finding in favor of the appellant and a reversal of the order appealed from.

Rather, we find that a mere omission from the certified record of the proceedings does not require a reversal of the order appealed from where that which has been omitted in no way prejudices the appellant in the presentation of his appeal. No such prejudice has been demonstrated herein.

Our decision herein may well be in conflict with that

of Courts of Appeals of other districts, such as *Young* v. *Bd. of Review, supra*, which approved and followed *Brockmeyer, supra*. However, our decision is not inconsistent with that of the Supreme Court in *Matash* v. *State, supra*, which involved a situation where no record of proceedings was filed, while, in this case, a substantially complete record of proceedings was filed. Furthermore, we are consistent with the language of the opinion in *McKenzie* v. *Racing Comm., supra* at 231, to the effect that R. C. 1.11 requires that the provisions of R. C. 119.12 "be liberally construed in order to promote their object and assist the parties in obtaining justice" and should not be given a technical and strict construction.

Although three assignments of error were raised, the only issue argued in support was the contention that appellants are entitled to judgment in their favor because the record of proceedings certified by appellee to the Court of Common Pleas is incomplete. Accordingly, we find none of the assignments of error to be well taken.

For the foregoing reasons, all three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

HOLMES and STRAUSBAUGH, JJ., concur.

STRAUSBAUGH, J., concurring separately.

I concur in the decision of the majority for the additional reason that, in my opinion, the letter herein does not and should not constitute a part of the record; it is not the equivalent of an affidavit or a complaint upon which a criminal case is based. Not only has there been a compliance with the requirement that a complete record of the proceedings be certified, but, even if the record be not complete, I agree with my colleagues that there has been no prejudice to appellants and that the judgment should be affirmed.