LUTHER, APPELLANT, *v.* BUREAU OF EMPLOYMENT SERVICES ET AL., APPELLEES.

(No. 83AP-317—Decided February 9, 1984.)

*George C. Luther Co., L.P.A.,* and Mr. *George C. Luther,* for appellant.

Mr. *Anthony J. Celebrezze, Jr.,* attorney general, Mr. *Howard M. Sanders* and Ms. *Kathleen McManus,* for appellees.

———

REILLY, J. Appellant, Doris J. Luther, advances the following assignment of error:

"The trial court's decision and entry granting appellee's motion for relief from judgment is contrary to the specific mandatory requirements of Section 119.12 of the Ohio Revised Code which must be strictly construed."

Appellant's assignment of error is well-taken. Appellant was a fulltime Certified Employment Contract Specialist in the office of Special Programs within the Ohio Bureau of Employment Services. She received a letter from the administrator stating that "[w]e regret to inform you that a reduction in staff is necessary for reasons of economy." Whereupon, she appealed this layoff to the State Personnel Board of Review which, after a hearing, affirmed her layoff. Appellant then filed an appeal to the Franklin County Court of Common Pleas.

Appellant subsequently moved the trial court for an order that, pursuant to R.C. 119.12, the agency had not prepared and certified to the court a record of the proceedings in the case. The trial court granted appellant's motion by a decision and judgment entry of February 1, 1983. Appellees responded by filing a motion for relief from judgment on February 10, 1983, alleging that they had not received appellant's motion. Appellant filed a memorandum contra. The trial court reversed its previous order and sustained the motion for relief from judgment.

The issue in this appeal is whether the trial court erred by granting appellees' motion for relief from judgment when appellees had failed to comply with the mandatory requirements of preparing and certifying to the court of common pleas a complete record of the proceedings in this case. Appellant contends that this court's decision in *Brockmeyer* v. *Ohio Real Estate Comm.* (1966), 5 Ohio App. 2d 161 [34 O.O.2d

301], requires that any failure of certification of the complete record requires a finding in her favor. Nevertheless, *Brockmeyer* was expressly overruled by this court in *Checker Realty Co.* v. *Ohio Real Estate Comm.* (1974), 41 Ohio App. 2d 37 [70 O.O.2d 46], where it was held that omissions from the record which was certified to the court will support a finding for the appellant only when the appellant can show some resulting prejudice to his appeal.

The Supreme Court promulgated a similar rule in the syllabus of *Lorms* v. *State* (1976), 48 Ohio St. 2d 153 [2 O.O.3d 336], as follows:

"An agency's omission of items from the certified record of an appealed administrative proceeding does not require a finding for the appellant, pursuant to R.C. 119.12, when the omissions in no way prejudice him in the presentation of his appeal."

See, also, *Genoa Banking Co.* v. *Mills* (1983), 9 Ohio App. 3d 237.

As to a total failure of certification to the court, however, the Supreme Court stated in the syllabus of *Matash* v. *Dept. of Ins.* (1964), 177 Ohio St. 55 [29 O.O.2d 153] that:

"Where an appeal from an order of an administrative agency has been duly made to the Common Pleas Court pursuant to Section 119.12, Revised Code, and the agency has not prepared and certified to the court a complete record of the proceedings within twenty days after receipt of the notice of appeal and the court has granted the agency no additional time to do so, the court must, upon motion of the appellant, enter a finding in favor of the appellant and render a judgment for the appellant."

See, also, *State, ex rel. Crockett,* v. *Robinson* (1981), 67 Ohio St. 2d 363 [21 O.O.3d 228].

Hence, there are two standards concerning the certification of the agency record to the court of common pleas; one for omissions from an otherwise complete record, and one for a total failure to certify the record. This difference was expressly noted by the Supreme Court in *Lorms, supra,* at 155, fn. 1.

In this case, there was a failure to certify the agency record to the court of common pleas. Apparently, the record was filed in the appeal of another employee involved in the same layoff as appellant. At the time of appellant's motion, however, there had been no consolidation or motion to consolidate filed in her case, nor was there any other indication in her case file of where the record could be found. Such a procedure is insufficient to certify the record in appellant's case. Therefore, based upon *Matash* and *State, ex rel. Crockett,* appellant is entitled to a determination in her favor.

The trial court initially entered judgment in favor of appellant. It subsequently granted appellees relief from this judgment pursuant to Civ. R. 60(B)(1), finding that the failure to certify the record herein constituted excusable neglect. The holdings in *Matash* and *State, ex rel. Crockett,* however, make it clear that such failure cannot constitute excusable neglect. Thus, appellees have shown no right to relief from the judgment rendered in favor of appellant on February 1, 1983.

Therefore, appellant's assignment of error is sustained.

For the foregoing reasons, the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion and in accordance with law.

*Judgment reversed*
*and cause remanded.*

WHITESIDE, P.J., and MCCORMAC, J., concur.