## In the Matter of Lauer
*[Cite as 8 AOA 124]*

*Case No. 1-89-44*
*Allen County, (3rd)*
*Decided November 1, 1990*

*Anthony J. Celebrezze, Jr., Attorney General and Ronda S. Anderson, State Office Tower, 15th Fl., 30 E. Broad Street, Columbus, Ohio 43266-0410, for Appellant.*

*Lawrence S. Huffman, Gooding, Huffman & Kelley, 127-129 N. Pierce Street, P.O. Box 546, Lima, Ohio 45802, for Appellee.*

GUERNSEY, J.

On September 26, 1985, appellee Harold A. Lauer, made application to the Ohio Counselor and Social Worker Board for licensure as a Counselor. Thereafter, after various procedures not here pertinent, he requested formal hearing on his application which convened on April 18, 1988, before a hearing officer. Before testimony was adduced the admissibility of ten exhibits of the "state" and fifty exhibits of the applicant was stipulated and the hearing officer ordered all of them "received into evidence and made a part of the record." On August 17, 1988, the hearing officer made his report and finding that the applicant met the requirements of Section 4(E) of Amended Substitute House Bill 205 as to experience in counseling and recommended that he be licensed as a professional counselor under the grandfathering provisions of that section.

On October 22, 1988, the board met and voted to reject the hearing officer's report for the following reason:

"*** The Counselor Professional Standards Committee's interpretation of primarily engaged in counseling as defined in the law means at least 51% of the time. In review of the exhibits the applicant does not meet the criteria of being engaged in counseling at least 7 of 10 years."

On November 21, 1988, the Board memorialized its order denying Lauer's application and Lauer thereupon perfected his appeal to the Court of Common Pleas of Allen County by filing his notice of appeal with that court on November 30, 1988, and with the board on December 5, 1988.

Under letter dated December 22, 1988, the Secretary of the board forwarded to the lower court letters and documents "in the matter of Harold A. Lauer, Cridersville, OH," including "14. Transcripts and exhibits of the proceedings in the matter of Harold A. Lauer," with her certification "that the attached is a true and complete record of the proceedings in the matter of Harold A. Lauer, before the State of Ohio Counselor and Social Worker Board, wherein a hearing was held on April 18, 1988."

The appeal then remained dormant in the lower court (except for an order on briefing schedule) until April 21, 1989, when Lauer filed his motion for a finding in his favor because the board had "failed to include the applicant's exhibits Nos. 1 through 50 in its record as required and as such the omission is prejudicial to the appellant."

On May 8, 1989, without any response to Lauer's motion having been filed, the lower court found the motion well taken and ordered that "pursuant to 119.12 of O.R.C. and the reasoning set forth herein, the decision of the Appellee-Board be and is hereby reversed and that pursuant to the Report and Recommendation, appellant, Harold A. Lauer be and is hereby licensed as a professional counselor under the grandfathering provision of Amended Substitute House Bill 205, Section 4(E)."

On May 11, 1989, the board filed with the lower court a memorandum in opposition to Lauer's motion, asserting among other things:

"In the present case it cannot be disputed that the Board certified the record within thirty days. There is no evidence that Appellant was prejudiced by the Board's omission, since the Board will file the complete record with the Court if it is granted leave to do so. Such request for leave to file the record instanter shall be made by separate motion."

On May 15, 1989, the board filed its motion to vacate the order journalized May 8, 1989, and for reconsideration of the lower court's decision. On May 18, 1989, this motion was denied.

On June 7, 1989, the board filed its notice of appeal to this Court. The assignments of error, though wrongly captioned as statements of the issues, may be summarized as asserting error of the lower court (1) in determining that the omission of Lauer's exhibits from the record certified to the lower court prejudiced him in his appeal when those exhibits were summarized in the record and the issue upon which the Board's decision was based was a narrow one, and (2) in ordering Lauer licensed when the Board has already determined that he was not qualified for licensure and the lower court had made no review of the evidence.

The statutory provisions involved are a part of R.C. 119.12 and provide pertinently:

"Within thirty days after receipt of notice of appeal from an order in any case in which a hearing is required by sections 119.01 to 119.13 of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed, upon motion, shall cause the court to enter a finding in favor of the party adversely affected. Additional time, however, may be granted by the court, not to exceed thirty days, when it is shown that the

agency has made substantial effort to comply. ***.

"Unless otherwise provided by law, in the hearing of the appeal, the court is confined to the record as certified to it by the agency. ***

"***

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. ***"

The Supreme Court of Ohio has made two decisions of interest on the issues raised by the first assignment of error, specifically *Matash v. State* (1964), 177 Ohio St. 55, and *Lorms v. State* (1976), 48 Ohio St. 2d 153. In the former of these cases the agency had failed to certify any record within 34 days after receipt of the notice of appeal, and the Supreme Court held that in such event where the common pleas court has granted the agency no additional time to do so, that court must, upon motion of the appellant, "enter a finding in favor of the appellant and render a judgment for the appellant." In *Lorms*, where two letters had been omitted from the certified record, the common pleas court found that the omission had not prejudiced the appellant, its judgment was affirmed by the court of appeals on the authority of *Checker Realty v. Ohio Real Estate Comm.* (1974), 41 Ohio App. 2d 37, and the court of appeals then certified its judgment to the Supreme Court as a conflict case. The Supreme Court held:

"An agency's omission of items from the certified record of an appealed administrative proceeding does not require a finding for the appellant, pursuant to R.C. 119.12, when the omissions in no way prejudice him in the presentation of his appeal."

In his opinion, which by its nature was in favor of the agency and against Lorms, and which was concurred in by all but one member of the Supreme Court, Justice William Brown cited *Checker Realty* favorably and said:

"To rule that appellant must be granted a finding in his favor even though the omissions in the record are not prejudicial would require this court to ignore the statutory phrase 'adversely affected,' and to apply a 'technical and strict construction' of R.C. 119.12 which has been criticized in past cases, and to ignore that R.C. 119.12 is remedial in nature and should, therefore be given a liberal construction designed 'to assist the parties in obtaining justice' under R.C. 1.11. (See *McKenzie v. Racing Comm.* [1966], 5 Ohio St. 2d 229, 231.)"

Although we do not have anything in our record to show specifically the content of the omitted exhibits in this case, it appears from the board's decision being reviewed that these exhibits were relied upon by the members of the board in arriving at that decision. In the appellant's brief it is judicially admitted that "[t]hese exhibits included job descriptions, excerpts from the Ohio Revised Code, various forms used by Allen County probation officers, narratives of projects in which Lauer was involved, miscellaneous reports concerning the social histories of clients and various correspondence written to and by Lauer."

Although the case never was heard on its merits by the lower court it is apparent from appellee's contentions in oral argument that had he not prevailed there by reason of the failure to include these exhibits in the record, a principal issue to be raised there was that the board had not applied the proper standard, or standards, in determining whether Lauer was qualified for the license for which he had applied. The narrow issue of what is the proper standard might well have been determined by the common pleas court without resort to the exhibits and if that court determined the wrong standard was employed it might have reversed the board's decision and remanded to the board for determination in the light of the proper standard. On the contrary, however, if the lower court determined that the proper standard of qualification was employed by the board it could not properly review whether the evidence before the board proved Lauer to be qualified under the proper standard unless that evidence, which was relied upon by the board, was before it. That conclusion is consistent with the requirements of R.C. 119.12 that the determination of the lower court must be made "upon consideration of the entire record." But then, would the failure to include the exhibits as part of the certified record actually prejudice Lauer "in the presentation of his appeal?"

The certification of the record, that it included "14. Transcripts and exhibits of the proceedings in the matter of Harold A. Lauer,"

was broad enough to include all of his exhibits as well as the state's exhibits. There is nothing before this court to show that the omission was intentional, or other than a more oversight. It appears that it was not discovered until shortly before the appellant filed his motion in the lower court for a finding in his favor. The motion was decided by the lower court ex parte, without the board's explanation or position in the matter being known to the lower court, or even known whether the exhibits remained in existence, as appears affirmatively in the response filed by the board after the motion had been decided.

Although the Supreme Court did not comment on same, it appears from the statute authorizing additional time for perfection of the record "when it is shown that the agency has made substantial effort to comply," that the legislature intended just that in cases such as this where the missing exhibits may be produced in a timely fashion and where such production will result in the appellant from the agency s decision not being prejudiced in the presentation of his appeal to the common pleas court. In cases of licensing the public has an interest which should not be defeated by a windfall licensing resulting in circumstances like those here from an overly strict construction of the statutory provisions.

Accordingly we find the first assignment of error well taken requiring reversal and remand for further proceedings.

As the second assignment of error is phrased and argued on the premise that the trial court would be barred from ordering a license when the board has already determined an applicant not qualified for same, which is not necessarily the case, and since the trial court never reached the merits of Lauer's qualifications, we do not further consider the second assignment of error. For that reason only we find the same without merit.

For the reasons set forth in our disposition of the first assignment of error we determine that the lower court committed error prejudicial to the board, the appellant herein, and that the cause be reversed and remanded to the lower court with instructions to grant not to exceed thirty days for the board to supplementally certify to the court the fifty exhibits of the license applicant, and, subject to satisfaction of such supplemental certification, for further proceedings as are provided by law.

*Judgment reversed and cause remanded.*

MILLER, P.J., and COLE, J., concur.

J. THOMAS GUERNSEY, J., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.

RALPH D. COLE, JR., J., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.