**KRAMP, Appellant,**

v.

**OHIO STATE RACING COMMISSION, Appellee.**

[Cite as *Kramp v. Ohio State Racing Comm.* (1991), 81 Ohio App.3d 186.]

Court of Appeals of Ohio,
Summit County.

No. 15147.

Decided Nov. 6, 1991.

*Rolland E. Laughbaum,* for appellant.

*Lee I. Fisher,* Attorney General, and *Sheryl D. Erlichman,* Assistant Attorney General, for appellee.

REECE, Judge.

Plaintiff-appellant, Joseph G. Kramp, was a professional harness horse driver and trainer. On May 26, 1990, a horse he was training, "Kandiman T," finished fifth in a race at Northfield Park. Afterwards, the animal's blood and urine samples tested positive for a tightly controlled stimulant known as "etorphine."

As a result of this discovery, the Northfield Park Board of Stewards found Kramp to be in violation of the rules of defendant-appellee, Ohio State Racing Commission ("Racing Commission") on June 19, 1990. He was fined $250, his driver and trainer's license was suspended for sixty days, the purse money won from the May 26, 1990 race was ordered to be returned, and he was barred from all tracks in the jurisdiction. Kramp did not exercise his right to directly appeal this ruling to the Racing Commission.

On June 27, 1990, the Racing Commission notified Kramp that it was considering revoking his license permanently in response to the May 26, 1990.

incident. Kramp requested a hearing on the matter, which was eventually conducted on December 19, 1990. The next day the Racing Commission revoked Kramp's license, denied any re-applications until January 1, 1994, fined him $250, placed his name on the "stop list," and again ordered the return of all purse money.

Kramp sought an appeal in the Summit County Court of Common Pleas of this administrative ruling on January 3, 1991. A transcript of the proceedings before the Racing Commission was filed on February 4, 1991. Kramp then moved the court for a judgment in his favor on the sole ground that the record submitted by the Racing Commission was incomplete. The agency denied this charge. On May 3, 1991, the common pleas court affirmed the Racing Commission's decision.

Kramp has perfected a further appeal to this court. For purposes of discussion, we have rearranged his four assignments of error.

### Assignment of Error No. III

"The Ohio State Racing Commission failed to provide a complete record of all of its alleged proceedings in support of this appeal as required by Ohio Revised Code 119.12."

R.C. Chapter 119 governs administrative procedure and includes the Racing Commission within its scope. R.C. 119.01(A). An order of an agency may be appealed to a common pleas court by an aggrieved party. R.C. 119.12. Kramp complains that the Racing Commission has failed to comply with this statute by not filing "a complete record of the proceedings" with the court. In such a situation, a ruling against the agency is required. *Matash v. State* (1964), 177 Ohio St. 55, 29 O.O.2d 153, 202 N.E.2d 305, syllabus; *Luther v. Bur. of Emp. Serv.* (1984), 14 Ohio App.3d 267, 268, 14 OBR 296, 297, 470 N.E.2d 919, 921. However, an agency's omission of items from the record is excusable when the appellant is not prejudiced thereby. *Lorms v. State* (1976), 48 Ohio St.2d 153, 2 O.O.3d 336, 357 N.E.2d 1067, syllabus; *Genoa Banking Co. v. Mills* (1983), 9 Ohio App.3d 237, 9 OBR 410, 459 N.E.2d 584.

The record tendered by the Racing Commission is fairly extensive. It begins with a complete transcript of the proceedings on August 2, 1990 before a Racing Commission hearing examiner. Exhibits, copies of the hearing examiner's recommendation, Kramp's written objections thereto, and an excerpted transcript of the December 19, 1990 hearing before the Racing Commission are also included, as well as the notice forwarded to Kramp of the final finding and order against him. The record concludes with Kramp's notice of appeal to the court of common pleas.

The only materials which Kramp claims are lacking pertain to the June 19, 1990 proceedings before the Northfield Park Board of Stewards. These officials, of which there are three, determine all questions which arise during a race. Ohio Adm.Code 3769-4-22(B). Upon a majority vote, they may suspend licenses for up to sixty days and impose fines not exceeding $250. R.C. 3769.091. The stewards' decision is immediately appealable to the Racing Commission. Ohio Adm.Code 3769-4-24(A) and 3769-7-42.

When the Northfield Park Board of Stewards found against Kramp on June 19, 1990, he did not seek review of this determination. The Racing Commission then notified him on June 27, 1990 that more serious penalties were being considered. A formal hearing was conducted, at Kramp's request, *de novo*. These proceedings were not held for the purpose of reviewing the limited sanctions imposed by the stewards.

Based upon our examination of R.C. Chapter 3769 and Ohio Adm.Code Title 3769, we conclude that the proceedings before the stewards was entirely separate and distinct from the later hearings by the Racing Commission. While the same violations were involved in both instances, each was premised upon an independent evidentiary hearing.

As a result, only the Racing Commission's ruling was directly before the common pleas court. Pursuant to R.C. 119.12, the agency was required to submit a "precise history" of this case from its commencement on June 27, 1990 to its termination on December 20, 1990. *Checker Realty Co. v. Ohio Real Estate Comm.* (1974), 41 Ohio App.2d 37, 41-47, 70 O.O.2d 46, 48-52, 322 N.E.2d 139, 142-146. As already detailed, this was done.

This assignment of error is overruled.

### Assignment of Error No. I

"The trial court errored [*sic*] in failing to conduct a hearing on plaintiff's appeal; to allow opportunity for plaintiff to file a brief; to provide opportunity for the parties to be heard; or to rule upon motions pending before the court."

Kramp maintains that the common pleas court erred by failing to conduct a hearing, allow the filing of briefs, afford priority to his case, and specifically rule on his motion. R.C. 119.12 states, in part, that:

"The court shall conduct a hearing on such appeal and shall give preference to all proceedings under sections 119.01 to 119.13 of the Revised Code, over all other civil cases, irrespective of the position of the proceedings on the calendar of the court. * * * The hearing in the court of common pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to such action. At such

hearing, counsel may be heard on oral argument, briefs may be submitted, and evidence introduced if the court has granted a request for the presentation of additional evidence. * * * "

Upon an examination of this language, a unanimous Supreme Court declared that:

"R.C. 119.12 requires only a hearing. The hearing may be limited to a review of the record, or, at the judge's discretion, the hearing may involve the acceptance of briefs, oral argument and/or newly discovered evidence. * * * " *Motor Vehicle Dealers Bd. v. Central Cadillac Co.* (1984), 14 Ohio St.3d 64, 67, 14 OBR 456, 459, 471 N.E.2d 488, 492; see, also, *Geroc v. Ohio Veterinary Med. Bd.* (1987), 37 Ohio App.3d 192, 197, 525 N.E.2d 501, 505.

This interpretation is entirely consistent with this court's understanding of the term "hearing" as applied in standard civil practice. See *Brown v. Akron Beacon Journal* (1991), 81 Ohio App.3d 135, 139, 610 N.E.2d 507, 509.

The requirements imposed by R.C. 119.12 are further supplemented by Loc.R. 19 of the Court of Common Pleas of Summit County, General Division ("Loc.R."). The timetable for an administrative appeal is set by Loc.R. 19.03, which provides:

"In all appeals where no additional evidence is required, the case shall be submitted to the Court on briefs on the following schedule:

"(a) Appellant's Brief. Within thirty (30) days after the filing of the record of proceedings with the Clerk of Court, the appellant shall file its assignments of error and brief.

"(b) Appellee's Brief. Within thirty (30) days after the filing of the appellant's brief, the appellee shall file its brief and assignments of error, if any.

"(c) Reply Brief. Within ten (10) days after the filing of appellee's brief, the appellant may file a reply brief.

"(d) Extensions and Exceptions. For good cause shown, the Court may, upon motion, extend or otherwise modify the foregoing times. If the appellant fails to file its brief and assignments of error within the time provided, the Court may dismiss the appeal or otherwise dispose of the case as justice requires."

Kramp made no attempt to comply with these procedural standards. Instead of filing a brief in accordance with Loc.R. 19.03(a), he demanded judgment on March 6, 1991 by means of a motion. No assignments of error were set forth, as the only grounds for relief alleged were the misguided claim that the record was incomplete. At no time did he request an oral hearing as required by Loc.R. 19.05.

Under the circumstances, the common pleas judge could properly review the appeal upon the available materials once the time for filing briefs had lapsed. Kramp did not, at any point in the proceedings, express an intention to present anything more than his motion. Consequently, the court was not obliged to conduct an oral hearing or await further enlightenment from Kramp. *Central Cadillac, supra,* 14 Ohio St.3d at 67, 14 OBR at 459, 471 N.E.2d at 492; *Potters Med. Ctr., Inc. v. Ohio Dept. of Ins.* (1989), 62 Ohio App.3d 476, 482, 575 N.E.2d 1224, 1228.

■ The common pleas court's failure to specifically note in its final order that Kramp's motion was overruled, moreover, does not necessitate a reversal. By affirming the decision of the Racing Commission, the judge implicitly denied the relief requested by Kramp. See *Newman v. Al Castrucci Ford Sales, Inc.* (1988), 54 Ohio App.3d 166, 169, 561 N.E.2d 1001, 1004; *Solon v. Solon Baptist Temple, Inc.* (1982), 8 Ohio App.3d 347, 351–352, 8 OBR 458, 462–464, 457 N.E.2d 858, 863–864.

■ Finally, there is no merit to Kramp's claim that the common pleas court neglected to resolve this appeal as quickly as R.C. 119.12 requires. The entire review was completed in exactly four months. Kramp did not object to the pace of the proceedings at any point. It is indeed ironic that in this same assignment of error Kramp chides the court for not affording his appeal priority and yet complains that a judgment should not have been entered against him before he found time to file a brief or request an oral hearing.

This assignment of error is not well taken.

## Assignments of Error Nos. II and IV

"II. The Ohio State Racing Commission and its delegated authority failed to provide the appellant a proper hearing before the agency, suspended his license, levied fines, and destroyed property rights of the appellant in violation of his guaranteed protections to due process of law."

"IV. The Ohio State Racing Commission exceeded its authority as set forth and limited by Rule 3769–18–02 of the Rules of the Ohio State Racing Commission by ordering a sentence and suspension of appellant's license for a period of time in excess of one year, and its orders are invalid, unreasonable and oppressive under the facts and circumstances of this case."

■ In these two assignments of error, Kramp raises a variety of challenges to the proceedings before the Racing Commission. None of these issues was addressed to the common pleas court, as Kramp chose instead to demand judgment solely upon the alleged deficiencies in the record. It is well settled that a party receiving an adverse judgment in the common pleas court

may not expand his claims in the court of appeals to maximize the chances of a reversal or remand. See, generally, *Rosenberry v. Chumney* (1960), 171 Ohio St. 48, 50, 12 O.O.2d 56, 57, 168 N.E.2d 285, 287; *LeFort v. Century 21– Maitland Realty Co.* (1987), 32 Ohio St.3d 121, 123, 512 N.E.2d 640, 642. This standard advances important objectives in both the civil and criminal context, *State v. Mahoney* (Oct. 9, 1991), Lorain App. No. 90CA004957, unreported, at 5, 1991 WL 208429, and should be applied as well to administrative appeals.

■ Therefore, errors alleged in the agency's decision will not be reviewed by a court of appeals, absent plain error, unless assigned and argued to the court of common pleas. Kramp does not suggest, and we do not find, that a plain error was perpetrated in this case. *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 209, 24 O.O.3d 316, 317, 436 N.E.2d 1001, 1003.

These final assignments of error are without merit. The judgment of the court of common pleas is affirmed in all respects.

*Judgment affirmed.*

CACIOPPO, P.J., and COOK, J., concur.