OPINION
{¶ 1} Defendant-appellant Tonja Delaine appeals the decision of the Youngstown Municipal Court which granted judgment in favor of plaintiff-appellee Toyota Motor Credit Corporation. On appeal, she urges that the trial court failed to apply various statutes to her benefit. However, she failed to submit a transcript, specifically claims one is not necessary and failed to otherwise raise these arguments before the trial court. For these reasons and those that follow, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On January 27, 2000, appellant leased a Toyota Camry from a local Toyota dealership, agreeing to make sixty monthly lease payments of $329.33. As per the contract, the lease was immediately assigned to appellee. Thereafter, appellant apparently concluded that certain body damage to her fender was a warranty issue rather than a result of external forces. After unsuccessfully arguing with various Toyota dealerships and the manufacturer, she turned in the leased vehicle early on June 6, 2003.
 {¶ 3} In April 2004, appellee filed a complaint against appellant for breach of the lease agreement, seeking damages in the amount of $6,288.75 plus ten percent interest from July 12, 2003. The trial court originally granted summary judgment in favor of appellee. However, the court vacated that judgment and set the case for trial after appellant filed a motion to vacate arguing that there was a question of fact as to the propriety of appellee's claimed amount of damages.
 {¶ 4} The case was then tried to the court. On September 1, 2005, the court entered judgment in favor of appellee in a reduced amount of $4,221.04 with only post-judgment interest. The court agreed with appellant's theory that the damages sought by appellee were unreasonable. Still, appellant appealed the judgment.
 {¶ 5} Appellant originally filed a wholly non-conforming brief and an unofficial transcript prepared by someone other than a court reporter. This court ordered compliance with the appellate rules on briefing and transcription or statement of the evidence. Appellant filed a more conforming brief on February 21, 2006. She also filed a statement that no transcript was necessary because the errors complained of in her new brief are legal arguments apparent on the face of the record. We shall set forth her appellate arguments before analyzing them.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 6} Appellant sets forth three assignments of error, the first of which alleges:
 {¶ 7} "WHETHER TRIAL COURT ERROR WITHOUT THE INCLUSION OF ALLEGED FRAUD WITH BREACH OF SAME CONTRACT, WHILE CONTRACT VIOLATED R.C. 1351.02(2) DISCLOSURE REQUIREMENTS, AND PLEA SATISFIED FED. C.R.9b OF FRAUD AND MISCONDUCT OF FRAUDULENT INDUCEMENT."
 {¶ 8} Under the assignment, Tonja contends that she never received credit for funds, other than $408, from trading in a 1995 Toyota Corolla at the time that she leased the vehicle at issue herein. She claims the value of that car was $10,000. However, even using her unofficial and invalidly submitted transcript, it can be seen that she informed the court that she believed the value of the traded-in car was $5,000 but she owed $4,000 on it. She also complains that she was falsely told that she should lease a car in order to build up her credit rating. Thus, she contends that she should have been permitted to rescind the transaction under R.C. 1345.09(A).
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 9} Appellant's second assignment of error contends:
 {¶ 10} "WHETHER TRIAL COURT ERROR NOT ENFORCING R.C. 1345.02
AND 1345.03 IN VIOLATION OF COMMERCIAL TRANSATIONS [SIC] — OHIO UNIFORM COMMERCIAL CODE, UNFAIR OR DECEPTIVE CONSUMER SALES PRACTICES PROHIBITED, AND UNCONSCIONABLE CONSUMER SALES PRACTICES."
 {¶ 11} Here, although she leased rather than purchased the vehicle, she claims a deceptive practice in that the dealer "sold" a car for more than the advertised price. We note here that the court awarded damages in an amount less than claimed by appellee due to this discrepancy between sticker price and total amount of payments.
 {¶ 12} Appellant also claims that the dealer committed a deceptive act in failing to document her trade-in on the lease document besides mentioning a cash payment of $408. Then, she claims that appellee improperly failed to give notice that she could redeem her right to repossessed collateral. However, she turned the car in on her own initiative.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 13} Appellant's third assignment of error argues:
 {¶ 14} "WHETHER TRIAL COURT ERROR NOT RULING ON ALLEGED VIOLATIONS OF TITLE 15 USC 2301 (6) MAGNUSON-MOSS WARRENTY [SIC] ACT, VEHICLE LEASING ACT (CIV.C. 2985.7 ET SEQ.), (CIV.C. 2988.5) AND VIOLATIONS OF CONSUMER LEGAL REMEDIES ACT (CIV.C. 1750ETSEQ.) PRESENTED IN THIS CASE WITH RC. 1345.09 AND THE LEASING PORTION OF TILA."
 {¶ 15} Under this assignment, appellant claims that the Magnuson-Moss Warranty Act was violated because there was a five-year body panel corrosion perforation warranty on the vehicle which was not honored. She claims that the Vehicle Leasing Act was violated because all terms were not in the lease document since her trade-in was not specified other than as a $408 cash credit. She also concludes that the assignee of the lessor is subject to all defenses the lessee has against the lessor.
 APPELLEE'S RESPONSES {¶ 16} Appellee sets forth four main responses to appellant's contentions. First, appellee points out that appellant failed to submit a transcript or a statement of the evidence as per App.R. 9. As aforementioned, appellant believes that the record of the bench trial is unnecessary to her arguments on appeal. However, without a transcript, we are unaware of what issues were tried, what the testimony consisted of and upon what information the trial court's decision was based.
 {¶ 17} It is well settled that "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, then the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Labs. (1980),61 Ohio St.2d 197, 199.
 {¶ 18} Here, appellant's arguments, although they refer to various statutes, are still factually based. For instance, the court could have disbelieved her claim that she was not credited for the trade-in, and in fact, her testimony tends to show that she was. Also, her claims of fraudulent inducement and breach of warranty could easily be disbelieved or discounted. The reviewing court rarely second guesses such decisions and could never do so without a properly filed transcript or App.R. 9 equivalent. SeeHartt v. Munobe (1993), 67 Ohio St.3d 3, 7.
 {¶ 19} Moreover, appellee points out that the statutes relied upon by appellant on appeal were never raised before the trial court. Appellee notes that the trial court need not sua sponte review all potentially relevant state and federal statutes in a breach of lease case to determine if the defendant may have some type of defense. That is the defendant's responsibility. Failure to raise an issue at the trial court level acts as a waiver of the issue on appeal. State ex rel. Phelps v. Columbiana Cty.Commrs. (1998), 125 Ohio App.3d 414, 426 (7th Dist.), citingStores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43.
 {¶ 20} Additionally, appellee emphasizes the fact that when summary judgment was granted in its favor, appellant only sought vacation of the judgment on the grounds that the amount of damages was in dispute, conceding that no other issues were disputed regarding the financing company. Appellee states that appellant's theory of the case at trial dealt with the amount of deficiency, not an allegedly fraudulent contract. Appellee concludes that appellant cannot introduce new theories on appeal. "It is well settled that a party receiving an adverse judgment in the common pleas court may not expand his claims in the court of appeals to maximize the chances of a reversal or remand." Krampv. Ohio State Racing Comm. (1991), 81 Ohio App.3d 186, 191-92
(9th Dist.).
 {¶ 21} Finally, appellee states that the plain error doctrine does not apply to the situation at hand. As the Supreme Court has stated:
 {¶ 22} "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. * * *
 {¶ 23} "The plain error doctrine should never be applied to reverse a civil judgment simply because a reviewing court disagrees with the result obtained in the trial court, or to allow litigation of issues which could easily have been raised and determined in the initial trial. * * *
 {¶ 24} "Parties in civil litigation choose their own counsel who, in turn, choose their theories of prosecuting and defending. The parties, through their attorneys, bear responsibility for framing the issues and for putting both the trial court and their opponents on notice of the issues they deem appropriate for jury resolution." Goldfuss v. Davidson (1997), 79 Ohio St.3d 116,121-123.
 CONCLUSION {¶ 25} Here, we have a defendant-appellant who insists that a transcript is unnecessary even though her legal arguments are all based upon factual allegations. Her legal arguments are unsupported and also incomplete. And, there is no indication that the legal arguments were raised to the trial court so as to avoid waiver on appeal. The trial court need not scan statutes to assist pro se defendants in coming up with defenses or counterclaims.
 {¶ 26} Also, appellant proceeds under theories that do not support her theory of seeking vacation of the judgment against her; that is, the court vacated the judgment to hear her arguments on damages. In fact, the court decreased the amount of contractual damages, finding that appellant's theory of damages was more reasonable, and the court refused to award prejudgment interest as requested by appellee. Finally, there is no indication that the doctrine of plain error is applicable to this case.
 {¶ 27} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.