This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Mr. Dennis Hadick, appeals from the decision of the Summit County Court of Common Pleas. We affirm.
 I.
Norton Retail Sales, Inc., owned by Mr. Hadick, leases a building located at 3160 Barber Road, Norton, Ohio. In 1996, Mr. Hadick began remodeling the building for use as an adult video store. The area is zoned B-3, a highway business district, under the Norton Zoning Ordinance. As part of his planned remodeling, Mr. Hadick placed a sign advertising his business atop the two preexisting sign poles behind the building. Mr. Hadick reasoned that such signs were permitted, as many other businesses in the area had such freestanding signs, although much shorter. Moreover, while Mr. Hadick was installing his sign upon the preexisting poles, lettering was added to the Sentry Store-All sign, which was in close proximity to Mr. Hadick's location and had been blank for some time.
After placing the sign atop the poles, the Norton Zoning and Building Superintendent informed Mr. Hadick that a permit was required and that a variance of the Norton Zoning Ordinance would be required as well. On May 13, 1997, Mr. Hadick was served with an order to cease and desist, ordering him to remove the sign immediately. Mr. Hadick appealed the order on June 3, 1997, to the Norton Board of Zoning and Building Appeals ("the Board"), requesting the following variances: (1) zoning and building permit requirements; (2) non-conforming use; and (3) maximum height. A hearing before the Board was held on June 19, 1997. After hearing testimony of several persons, the Board ruled that it lacked the power to grant the requested variance, as it was a use variance under Norton Zoning Ordinance 11.022. This ruling was not based on the evidence presented, but rather, upon the Board's determination that it only had authority to grant area variances. As the Board determined that the request was for a use variance, it found that it lacked the authority to grant Mr. Hadick the relief he sought.
On July 18, 1997, Mr. Hadick filed two documents with the Summit County Court of Common Pleas. One was a complaint for a declaratory judgment action challenging the constitutional validity of the Norton Zoning Ordinance. The other was a notice of appeal from the Board's ruling. After a hearing, the trial court affirmed the Board's ruling in a judgment dated December 7, 1998. The trial court found that the Norton Zoning Ordinance was not unconstitutional and that the ordinance in question was not unconstitutional as applied to Mr. Hadick. The trial court also ruled that Mr. Hadick's sign violated the Norton Zoning Ordinance but did not address the issue of whether the Board could have issued an area variance in this instance. This appeal followed.
 II.
Appellant asserts two assignments of error. We will address each in turn.
 A.
First Assignment of Error
 THE COURT ERRED IN UPHOLDING THE DECISION OF THE NORTON BOARD OF ZONING AND BUILDING APPEALS AS SAID DECISION WAS UNCONSTITUTIONAL, ILLEGAL, ARBITRARY, CAPRICIOUS, UNREASONABLE AND UNSUPPORTED BY THE PREPONDERANCE OF SUBSTANTIAL, RELIABLE, AND PROBATIVE EVIDENCE ON THE WHOLE RECORD.
Mr. Hadick asserts that the Board erred and the trial court erred by affirming its decision in two regards. First, Mr. Hadick argues that the Norton Zoning Ordinance is ambiguous as to whether a freestanding sign is a building or a structure and, hence, which set of height and size restrictions apply is ambiguous. Second, Mr. Hadick asserts that the variance he requested was an area variance rather than, as the Board determined, a use variance. Mr. Hadick argues that, although the Board was correct that it was not delegated authority to grant use variances, the variance he requested is an area variance, which the Board has discretion to grant. We disagree.
"The court of appeals must affirm the common pleas court unless it finds that the prior decision is not supported by `a preponderance of reliable, probative, and substantive evidence' as a matter of law. The court must apply an abuse of discretion standard in making this determination." (Citations omitted.) Nauth v. Sharon Twp. Bd. of Zoning Appeals (Sep. 2, 1998), Medina App. No. 2754-M, unreported at 3-4, quoting Smith v. Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 613. Abuse of discretion is not mere error of judgment, rather it is perversity of will, passion, prejudice, partiality, or moral delinquency. State ex rel. Shafer v. Ohio Turnpike Comm. (1953), 159 Ohio St. 581,590-91. Moreover, our review is limited by the scope of arguments presented before the administrative agency as one "may not expand his claims in the court of appeals to maximize the chances of a reversal or remand." Kramp v. Ohio State Racing Comm. (1991),81 Ohio App.3d 186, 192.
Norton Zoning Ordinance 29.11 governs signs in a B-3 district. Norton Zoning Ordinance 29.11 directs one to the requirements of Norton Zoning Ordinance 27.10. Norton Zoning Ordinance 27.10 states, in relevant part:
 [n]one other than the following exterior signs shall be permitted in this district: * * * Signs pertaining to each business use conducted on the premises provided that no such sign shall project more than one foot from any wall and that the aggregate area of all such signs shall not exceed 600 square feet or project above the cornice or roof line.
The Norton Zoning Ordinance allows the Board to grant area variances but not use variances to ordinance provisions. Norton Zoning Ordinance 11.022.
We conclude that Mr. Hadick's assertion of the alleged ambiguity between the terms structure and building in the Norton Zoning Ordinance is without merit. The Norton Zoning Ordinance at issue prohibits all signs that are not attached to the exterior of a building or which protrude more than one foot from the building. The record is clear on the fact that Mr. Hadick's sign is not attached to his place of business, but is an exterior sign mounted on two outdoor poles which are over one-hundred feet high. Hence, any ambiguity between the terms structure and building is irrelevant to our discussion. We conclude that Mr. Hadick's sign violates the plain language of the Norton Zoning Ordinance.[1]
Mr. Hadick's second assertion, stating that the Board erred in analyzing his request as a use variance rather than an area variance, is not properly before this court. Before the Board, Mr. Hadick requested that the Board grant him a variance for the "use" of the poles. Moreover, Mr. Hadick was originally cited for, and appealed to the Board based on, a non-conforming use. Hence, the issue Mr. Hadick raised before the Board was whether it had authority to grant a use variance. Under Norton Zoning Ordinance 11.022, the Board clearly was not delegated authority to grant a use variance. We conclude that Mr. Hadick may not expand his claims on appeal to assert that the Board erred by failing to grant him an area variance when he requested a use variance before the Board. Mr. Hadick's first assignment of error is overruled.
 B.
Second Assignment of Error
 THE COURT ERRED AS A MATTER OF LAW IN FINDING THE ZONING ORDINANCE CONSTITUTIONAL AS IT APPLIES TO THIS CASE.
Mr. Hadick argues that the trial court erred in not granting him the relief he sought by failing to declare the Norton Zoning Ordinance unconstitutional as applied to him. Mr. Hadick does not call into question the Board's denial of his request for a variance in this assignment of error. Rather, he opines that the Norton Zoning Ordinance itself is unconstitutional. We disagree.
"Zoning ordinances are presumed constitutional." Goldberg Cos., Inc. v. Richmond Hts. City Council (1998), 81 Ohio St.3d 207,209. "`To strike a zoning ordinance on constitutional grounds appellants must demonstrate, beyond fair debate, that the zoning classification is unreasonable and not necessary to the health, safety and welfare of the municipality.'" Id. at 212, quoting Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. Moreover, the municipality's justification, if based on police powers, need only be rationally related to health, safety, morals or general welfare. Goldberg, 81 Ohio St.3d at 213-14.
When the manifest weight of the evidence is challenged, "[a]n appellate court conducts the same manifest weight analysis in both criminal and civil cases." Ray v. Vansickle (Oct. 14, 1998), Lorain App. Nos. 97CA006897/97CA006907, unreported at 3.
 The [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Moreover, "[e]very reasonable presumption must be made in favor of the judgment and the findings of facts [of the trial court]." Karches, 38 Ohio St.3d at 19. Furthermore, "if the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment." Id.
Norton Zoning Ordinance 27.10 states:
SIGNS:
 None other than the following exterior signs shall be permitted in this district:
 a) Signs pertaining to each business use conducted on the premises provided that no such sign shall project more than one foot from any wall and that the aggregate area of all such signs shall not exceed 600 square feet or project above the cornice or roof line. Such sign may be illuminated.
b) The following types of signs shall not be permitted:
 (1) A flashing, fluttering, glare reflector or animated sign.
 (2) Any sign which obstructs any egress or ingress, hampers fire fighting purposes or interferes with any opening required for ventilation.
 (3) A sign of such form, shape or character which confuses or dangerously distracts the attention of the operator of a motor vehicle or interferes with the purpose of any traffic control signal or directional device.
Mr. Hadick has failed to meet the burden of proof incumbent upon his appeal. The trial court determined that the City of Norton had valid safety and aesthetic reasons for prohibiting signs such as Mr. Hadick's pole sign. Moreover, the trial court and the Board had the opportunity to view the witnesses and adjudge the credibility of the witnesses and their assertions. Upon reviewing the record, we find evidence of the City's intention to make a nearby highway safer by decreasing distractions from road signs to drivers. This safety concern, although not always sufficient alone, is an important basis on which to regulate sign size and height. Moreover, the City demonstrated its concern for preserving the character of the area and the overall quality of life in the City, a common scheme for community development and harmony. The City's legitimate concern also lends weight to the trial court's conclusion that the ordinance is not unconstitutional as applied to Mr. Hadick. See, generally, Cent. Motors Corp. v. Pepper Pike (1995), 73 Ohio St.3d 581,587. Hence, we conclude that Mr. Hadick did not show the ordinance, beyond fair debate, to be unreasonable or unnecessary for the health, safety, and welfare of the municipality. Mr. Hadick's second assignment of error is overruled.
 III.
Mr. Hadick's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
 FOR THE COURT
SLABY, P.J.
WHITMORE, J.
CONCUR
[1] Mr. Hadick's argument also briefly mentions that other signs in the area violate the statute if it is construed as written. Mr. Hadick does not argue that the City of Norton has engaged in discriminatory enforcement. Moreover, evidence was not elicited before the trial court or the Board that would demonstrate that the other signs were placed in violation of the Norton Zoning Ordinance. Rather, evidence as to the other pole signs in the area showed them to have preexisted the current Norton Zoning Ordinance. No other evidence was presented on this issue. Hence, this issue is not before us, as it was not properly raised.